Opinion of the court.

## J. F. BROWN v. R. M. READ.

1. In an action on a contract, the defendant pleaded in abatement that at the time the suit was brought he was a resident citizen of a different county in this State than that in which the suit was instituted, and that he was not subject to be sued in the latter county. The plaintiff thereupon amended, and alleged that at the commencement of the suit the defendant was a transient person, having no fixed domicile known to the plaintiff; but no allegation was made to repel the legal presumption that the defendant's residence could have been ascertained by proper inquiry. *Held,* that the district court, on this state of the pleadings, should not have retained jurisdiction of the case.

2. It was error to render judgment in favor of a plaintiff when his petition disclosed the fact that the debt sued for was contracted to be paid in Confederate money. No species of relief will be given by the courts of this State upon contracts of this character, whether they have been executed or remain executory.

APPEAL from Houston. Tried below before the Hon. Samuel L. Earle.

The facts are indicated in the opinion.

*D. A. Nunn* and *Baker & Maxey,* for the appellant.

No brief for the appellee.

WALKER, J.—The record in this case affords ample ground for the reversal of the judgment. We shall notice but two causes on which the judgment of the court below must be reversed.

Brown, the defendant below, pleaded in abatement of the plaintiff's action, alleging that at the time of the filing of the plaintiff's petition he was a resident citizen of the county of Hardin, and not subject to be sued in the county of Houston.

After an unusual number of amendments in the pleadings, both of plaintiff and defendant, the plaintiff filed an amended petition

on the seventeenth day of March, 1868, more than two years after the commencement of his action.

In this amended petition, he virtually admits the defendant's plea in abatement, averring that the defendant, at the commencement of the suit, was a transient person, having no fixed domicile known to the plaintiff, and this without meeting the presumption that he might have learned the residence of the defendant by proper inquiry. Upon this state of pleading, the district court should not have retained jurisdiction of the case.

But another and perhaps stronger ground for reversing the judgment of the district court is disclosed in the original petition, which avers that the subject matter of the suit is a debt contracted to be paid in Confederate money. We can but reiterate the oft repeated decisions of this court, that the courts of the State shall give no relief against contracts of this kind, which have been executed by the parties; nor in any case where the contract has not yet been executed will they adjudge or decree its specific performance, nor award damages for its breach.

The judgment of the district court is reversed, and the cause remanded, that the cross action of the defendant against the plaintiff, in reconvention of damages, may be proceeded in. The appellant to recover his costs.

Reversed and remanded.