M. H. SHANDY v. CONRALES & LOGEMAN.

(No. 1294, R. Book No. 4, p. 197.)

APPEAL from Hill County.     Opinion by WILLSON, J.

§ 235. *Suit on sworn account; affidavit.* An affidavit to an account which fails to state "that such account is, within the knowledge of affiant, just and true," etc., is not in compliance with the statute, and, if objected to as evidence to prove the account, should be excluded. [Rev. Stats. art. 2266.]

§ 236. *Jurisdiction; demurrer.* It is provided that where the residence of a defendant is unknown, suit may be instituted in the county where the plaintiff resides. [Rev. Stats. art. 1198, subd. 3.] But a petition which fails to show that either the plaintiff or the defendant is within the jurisdiction of the court, e. g., as where it alleges the plaintiff to be a non-resident, and that the residence of the defendant is unknown, and does not allege that the defendant owns any property within the jurisdiction of the court, is fatally defective in failing to show any jurisdictional fact; and it was error to overrule a general demurrer to such petition. [Ward v. Lathrop, 4 Tex. 180; McMullen v. Guest, 6 Tex. 279; Campbell v. Wilson, 6 Tex. 391; Ward v. Lathrop, 11 Tex. 287; Tulane v. McKee, 10 Tex. 336.]

§ 237. *Plea to jurisdiction.* Where defendant pleaded to the jurisdiction, setting forth that his residence at the

time of the institution of the suit was in Erath county, and the evidence established that fact, no belief otherwise of plaintiff's attorney, when the suit was brought, though induced by a conversation with defendant had a short time before, would be sufficient to defeat the plea. [Brown v. Read, 33 Tex. 629; Blucher v. Milsted, 31 Tex. 622.]

§ 238. *County court; its jurisdiction to foreclose an attachment lien upon land.* In determining the jurisdiction of county courts to enforce attachment liens upon land, arts. 179, 180, Rev. Stats., should be construed in connection with the constitution and statutes, which prescribe the jurisdiction of the courts. Art. V, sec. 8, of the constitution confers upon the district court jurisdiction of all suits for the trial of title to land, *and for the enforcement of liens thereon.* Section 16 of the same article expressly denies to the county court jurisdiction of suits for the recovery of land, but says nothing about the enforcement of liens thereon. The jurisdiction to enforce liens is therefore not conferred upon the county court by the organic law, but is expressly conferred upon another tribunal. Art. 1164, Rev. Stats., which prescribes the jurisdiction of the county court, expressly excludes from its jurisdiction suits for the enforcement of liens upon land. Is a suit by attachment levied upon, a suit to enforce a lien upon land? We think it is, and, if so, then the county court has no jurisdiction to enforce an attachment lien upon land. [T. & P. R. R. Co. v. McMullen, *ante*, p. 64.]

October 25, 1882.　　　　　Reversed and remanded.

NOTE.— Since this opinion was delivered, the supreme court, in Hildebrand v. McMahon & Golson [Austin Term, 1883], have held a different doctrine to that enunciated in § 238. [See Tex. L. Review, Vol. I, No. 20, June 7, 1883.]