[410] LEONARD W. GROCE vs. JOHN H. HERNDON — Appeal from Austin County.

An administrator to whom a note is made payable can sue upon it in his own name, or as administrator, and can transfer it by indorsement. Nor is this principle affected by the fact that the consideration of the note was derived from the estate of the deceased. [*Ante,* 277.]

This suit was brought by the appellee as the assignee of two notes given by the appellant to Sarah J. Sharp, administratrix of John Sharp, deceased. The notes are in the following words:

"$756 77-100. On or before the first day of January next I promise to pay to Sarah J. Sharp, administratrix of John Sharp, deceased, or order, the sum of seven hundred and fifty-six dollars and seventy-seven cents, for value received, with

interest from date, being in full of account of J. E. Groce and Mary Ann Groce to John Sharp & Co.

"January 10, 1843.

(Signed)                    "LEONARD W. GROCE."

"$267 99-100.  On or before the first day of January next I promise to pay to Sarah J. Sharp, administratrix of John Sharp, deceased, or order, the sum of two hundred and sixty-seven dollars and ninety-nine cents, with interest from date, for value received, January 10, 1843, in full of account to John Sharp & Co.

(Signed)                    "LEONARD W. GROCE."

The defendant excepted to the right of the plaintiff to sue, and filed other pleas not necessary to be noticed. The exception was overruled, and the cause being submitted to the court, a jury being waived, judgment was rendered for the plaintiff, from which the defendant appealed.

[411] The cause was submitted without argument to the court, with a suggestion of delay by the counsel for the appellee, and the following opinion was delivered by Chief Justice HEMPHILL, Mr. Justice LIPSCOMB not sitting:

In this case there is a difference of opinion between the counsel of appellant and the judge of the court below as to the construction and extent of an order made in the cause at the term previous to its final trial. We concur with the opinion held by the court as to the meaning and extent of the former order, and this being the only ground of exception to the action of the lower court, the judgment is affirmed, with damages.

After the foregoing judgment was pronounced, the following application was made for a rehearing:

"In this cause John W. Harris, one of the attorneys for the appellant, asks the court to grant a rehearing in this cause and to reverse the judgment which was rendered at the present term of the court for the debt and damages. He says that when said cause was submitted he was extremely much engaged in preparing for the trial of the cause of Hosner v. De Young, reported in 1 Tex. 764, and requested the court not to decide

the first mentioned cause till he could be heard, and thought the matter was so understood.

      (Signed)              "JOHN W. HARRIS."

In support of the application for a rehearing it was contended by Mr. Harris, in a written argument filed with his application, that the notes sued on in this case belonged to and formed a part of the estate of John Sharp, deceased, as was shown on their face, and that as they were sold by the administratrix at private sale, and without authority, the sale is in direct violation of the 22d section of the probate law, vol. 4, p. 117, and was therefore void; that it did not divest the estate of its right to the notes; conferred no power on the assignee to sue or collect and appropriate the money to his own use, and that a recovery by the appellee in this case would not discharge the appellant from his liability [412] to the estate of Sharp. He denied the applicability of the rule asserted in Gayle and Gayle v. Ennis and Reynolds, decided at the last term of this court, to the present case, as the suit there was brought by the assignee upon a note given to the administrator for a debt contracted with him, when in this case it was brought upon a note given to the administrator for a debt contracted with the intestate, and which constituted a part of his estate

    *Jones, contra.*

   Upon the application for the rehearing Mr. Justice WHEELER delivered the following as the opinion of the court, Mr. Justice LIPSCOMB not sitting:

When this cause was called for trial there was no brief or argument presented by the appellant's counsel, as required by the rules of the court, nor any error in the judgment suggested. The case was submitted by the appellee for an affirmance of the judgment, upon the suggestion that the appeal had been taken for delay only. On looking into the record it so appeared to us, and we affirmed the judgment. Subsequently the appellant's counsel made his application for a rehearing, and upon cause shown his application was allowed for the purpose of receiving argument upon a question supposed to be a

new question presented by the record, depending upon the construction of a statute. But after hearing the argument and again looking into the record, we are of opinion that the question now presented was decided at the last term of this court in the case of Gayle and Gayle v. Ennis and Reynolds, 1 Tex. 184. There is no material respect in which the present case differs from that. The notes sued on were given to the assignor of the plaintiffs, and were in express terms payable to her. They could have constituted no part of the estate of which she is described as administratrix in the contemplation of the 12th section of the act of 1840, regulating the settlement of successions, [413] to which our attention has been especially called, for the plain reason that if in truth the payee was the administratrix of John Sharp, deceased, when the notes were given, they could not have been in existence at the period of his death or of the opening of the succession. Nor do we think them within any provision of the statute.

We do not perceive that the question is changed by the fact, if it be so, that the consideration of the notes may have moved from the decedent.

In the case referred to we decided that the administrator, to whom the note was made payable, by name, could sue upon it, either in his own name or as administrator, and that he could transfer it by his indorsement; and we see no cause to depart from the opinion then given. On a recurrence to the date of the appeal in the present case, however, it appears to have been taken before the decision in that case was made known, and presenting the same question, ought to be governed by the same rule respecting damages. In that case, the appeal not appearing to have been taken for delay, we affirmed the judgment without damages, and that will be the judgment of the court in this case.