JOHN W. SCHRIMPF v. WILLIAM McARDLE.

The 143rd Section of the District Court Act of 1846 which required the party applying for an attachment, to make affidavit in writing of the truth of the matter set forth in his or her petition, is not repealed by the Act of 1848 regulating attachments. If, however, the affidavit required by the latter Act, contain all the material, substantive matter set forth in the petition, the requirement of the former will have been complied with.

Where a bond for an attachment was not entitled of any action, and the obligors acknowledged themselves " bound to pay to ―――― McArdle," &c., " conditioned that John W. Schrimpf, plaintiff in attachment, against ―――, defendant, will prosecute," &c., it was held the bond was defective because it did not correctly describe the parties to the suit.

On the trial of a plea in reconvention for damages for wrongfully suing out an original attachment, where the plaintiff offered to prove by a witness that the witness heard certain persons, workmen, creditors of the defendant, tell the plaintiff that the defendant was running away, it was held that the testimony was properly excluded—there being no offer to prove that it was true, nor that the plaintiff had any reason to believe it to be so.

Appeal from Harris. Action by the appellant against the appellee for $313, the value of certain lumber sold, &c. Original attachment obtained on the usual affidavit, on the ground that the defendant was about to remove out of the State. The bond for the attachment was not entitled of any action, and the obligors acknowledged themselves " bound to pay to ―――― McArdle," &c., " conditioned that John W. Schrimpf, plaintiff in attachment against ――― defendant, will prosecute, &c." The petition was filed and attachment issued May 13th, 1854.

The defendant pleaded in reconvention the damages sustained by him by reason of the wrongful suing out of the attachment, alleging in his plea the facts respecting his business and the injury thereto, claiming $1000 damages.

It was proved by the plaintiff's witness that he heard a conversation between plaintiff and defendant, in which the former claimed that the latter owed him for lumber about $270, and the latter did not deny the amount, but insisted that plaintiff had not performed his contract by furnishing h m all the

lumber he had contracted to furnish, and that his buildings were delayed, &c. It was further proved by defendant, that on the 13th of May last he was possessed of the brick yard and personal property described in his answer and the Sheriff's return on the writ of attachment; that the property was worth about two thousand dollars; that he had then a foreman managing the brick yard and superintending his hands, making brick; that there were fifteen hands employed—six negroes hired by the month and nine Germans by the job—that on that day he informed his foreman of his intention to go to Galveston and New Orleans on business, and that he would be back in two weeks, and gave his instructions how to go on and conduct his business in his absence; that the visit was induced by an offer of Bishop Odin, at Galveston, to contract with him for two hundred thousand brick, and to procure money at New Orleans to carry on his business; that he was advised by his friends to go at once, contrary to his wishes at that time; that he left openly and not secretly; that his visit and its object were known to his foreman, some of his friends, and might have been ascertained by plaintiff on inquiry; which, however, he did not make of any of them who testified, to-wit: Blackwell, the foreman, and Clarke and Burke; that he left Houston about 3 o'clock, P. M., on the 13th of May, and on the same afternoon the plaintiff sued out this attachment, which was forthwith levied on all the property aforesaid. It was also proven that the defendant kept house and left it in charge of his servant, with all his furniture, &c., and most of his clothing; that the levy of the plaintiff caused the discharge of all the hands, and put a stop to all the work, at the brick yard, until the 27th of May, when defendant returned according to appointment, and replevied the property by giving bond; that it took at least a week to put the yard in order; that the defendant was put to great trouble in getting hands again; that he had to pay higher prices to get them than before; that on the 16th of May, at Galveston, he made a contract with Bishop Odin, to supply him with two hundred thou-

sand bricks, at $11 50 per thousand, by the first of July next, and that in order to comply with this contract he had been obliged to make great exertions and incur considerable expense, to make up for the delay caused by the levy of the plaintiff's attachment, and the damage was estimated at $1000.

It appeared by a bill of exceptions, that the plaintiff offered the testimony of William Anders, a Justice of the Peace, that the plaintiff, before he sued out the attachment, was in witness's office, when the workmen, creditors of the defendant, called on witness to issue attachment, and that plaintiff was informed by said creditors that defendant was then running away; which evidence was ruled out, and the plaintiff excepted.

*Sabin & Henderson*, for appellant. The Act of 1848 regulating attachment (Hart. Dig. Art. 25) prescribes the essentials in an affidavit for an attachment; nothing more is required by law.

The bond was not so defective as to make it nugatory.

The exclusion of Anders' testimony was clearly erroneous, and would have changed the verdict of the jury if it had gone to them.

*P. W. Gray*, for appellee. The bond was not payable to defendant, or any one, and did not identify the suit in which given, as required by Art. 26, Hart. Dig. The truth of the petition was not verified as required by Art. 795, and the decisions under it. (Caldwell v. Haley, 3 Tex. R. 317; Watts v. Harding, 5 Id. 386; Cheatham v. Riddle, 8 Id. 162.)

Wheeler, J. The Act regulating attachments, of the 11th March, 1848, expressly repeals certain Acts therein named, (Hart. Dig. Art. 47,) but neither expressly, nor by necessary implication does it repeal the 143rd Section of the Act to regulate proceedings in the District Court. (Id. 795.) If, however, the affidavit made to obtain the attachment, contains all

the material, substantive matter set forth in the petition, the requirement of the Section last cited will have been complied with. Whether it does so in the present case it is unnecessary to inquire, for the reason that the attachment was, we think, rightly quashed, upon the other ground taken in the motion; the insufficiency of the bond. It was insufficient to support the attachment in that it does not correctly describe the parties or the suit.

The only remaining ground of error relied on is the exclusion of the testimony of a witness, by whom it was proposed to prove that he had heard certain persons tell the plaintiff that defendant was running away. And we are of opinion that in this there was no error. The proposed evidence was but hearsay. Besides, there was no evidence offered to prove that it was true, or that the plaintiff had any reason to believe it to be so. Nor is there any pretence that, as matter of fact, it was true. It is evident the plaintiff might have known, had he seen proper to inquire of those in charge of the defendant's property, and entrusted with his business, that it was not true. This unfounded rumor, for such it seems to have been, afforded no justification, excuse or palliation, for resorting to the harsh measure of an attachment, when by taking the very natural and reasonable precaution of making proper inquiry, the plaintiff might have known that the defendant was but temporarily absent on ordinary business; and we think the Court very properly excluded it from the consideration of the jury.

It appears, from the statement of facts, that the plaintiff proceeded by attachment for a larger amount than he had previously claimed was due him; and that he caused property of the value of two thousand dollars, to be seized upon a claim of about three hundred, interrupting the busines of the defendant, and subjecting him to great inconvenience and expense. The proceeding appears to have been unfounded and wanton on the part of the plaintiff, as it was harsh, and injurious to the defendant. The verdict fell short of giving the latter full

compensation for the estimated injury; admitting the plaintiff's demand, which, however, was contested. We see no reason to apprehend that injustice was done the plaintiff by the verdict; and are of opinion that the judgment be affirmed.

Judgment affirmed.