PHIL. CLAIBORNE AND ANOTHER V. JAMES YOEMAN, ADM'R.

It may be true, that administration, upon the plaintiff's intestate, was granted in 1838, and that it was determined by operation of law in 1839 ; and yet, the estate may not have been administered, and, for aught that appears, the administration may have been rightfully renewed (in 1853) and continued. But whether, &c.

Where a note describes the payee as administrator of an estate, he may maintain a suit thereon in his own name ; and if he sues as administrator, a denial that he is administrator, although it be in proper form, presents an immaterial issue, and is therefore bad.

Where the defendant was sued by an administrator, on a note given for the purchase money of a land certificate, sold at probate sale, and the defendant pleaded failure of consideration, on the ground that the administration was void, being granted a great number of years after the death of the intestate, and on the ground that the petition for order of sale was not in conformity to law, it was held that the plea was rightly overruled, on the ground that the heirs should have been made parties, and that the defendant should have offered to restore the certificate. (There were no exceptions to the answer, but the case was submitted to the Court without a jury.)

A continuance will not be granted to obtain evidence to support an answer which if proved to be true, is no defence to the action.

Error from Bastrop. Suit by James Yeoman, administrator *de bonis non* of James McLaughlin, deceased, against the plaintiffs in error, on their promissory note for $852 50, dated February 18th, 1854, payable to "James Yoeman, administrator *de bonis non* of the estate of James McLaughlin."

Defendant Claiborne answered, that James McLaughlin died in 1837 ; that at the February Term, 1838, of the County Court of Bastrop county, William McLaughlin administered upon his estate, and continued to administer the same until February Term, in 1839, when said administration ceased by operation of law ; that on the 28th day of March, 1853, the letters of administration *de bonis non*, upon the estate of said

James McLaughlin, deceased, issued from the County Court of Bastrop county to James Yoeman, the plaintiff.

This defendant for further plea and answer says, that the note set forth in plaintiff's petition was given in consideration of a land certificate for a league and labor of land, the head-right of said James McLaughlin, sold by said administrator at a public sale, made in conformity with an order of the County Court of Bastrop county, which said sale defendant alleges to be void, for that the petition upon which said sale was ordered, was not in conformity with law.

This defendant further answers that the title to said land certificate made and executed by said administrator is void and of no effect, and therefore that the consideration of said note, in plaintiff's petition, wholly and entirely failed. (Sworn to.)

The other defendant answered that he was merely a surety for Claiborne.

A jury being waived, the Court adjudged the answer of Claiborne insufficient, and rendered judgment for the plaintiff.

*P. Claiborne*, for plaintiffs in error.

WHEELER, J.   The answer of the defendant sets up two distinct grounds of defence; which are relied on in argument by the appellant.   1st. That the plaintiff was not entitled to sue as administrator ; 2nd. That the contract was without consideration.

It might suffice to dispose of this appeal, that the averments of matters of fact, in the answer, are not sufficient to warrant its conclusions, either as to the right of the plaintiff to sue, or the failure of consideration.   It may be true, that administration upon the estate of the plaintiff's intestate was granted in 1838, and that it was determined by operation of law in 1839 ; and yet, the estate may not have been administered, and, for

aught that appears, the administration may have been rightfully renewed and continued. The averments of the answer are quite insufficient to warrant the conclusion that the grant of administration to the plaintiff was void.

But whether the plaintiff was rightfully administrator, and as such entitled to sue, is immaterial, as respects the plaintiff's right to maintain the present action. We have heretofore held that, upon a contract made with an administrator as such, he may sue in his own name, or as administrator at his election. (Gayle *et al.* v. Runnels *et al.*, 1 Tex. R. 184, 189.) The plaintiff might treat the words "as administrator," &c., as mere *descriptio personæ*, and maintain the action in his own name. Having the legal title to the note in himself, it being payable to him, he may maintain the action in his own name, though the equitable ownership be in another. (11 Tex. R. 142.)

It is unnecessary to enquire, in this case, whether a failure of consideration, in the matter and manner alleged, could have availed the defendant, if well pleaded. If true, as stated, that the sale of the certificate by the administrator was without authority, and the title remained in the heirs of the intestate he should have caused the heirs to be made parties, in order that the question of title might be adjudicated ; and he should at least, have restored, or offered to restore the certificate to the plaintiff, or the heirs, if entitled. It is very clear that he could not retain the property purchased at the sale, with the chances of making good his title, and at the same time refuse to pay the purchase money. The answer, therefore, was rightly adjudged insufficient in respect to both grounds of defence relied on.

It is objected to the judgment, that the Court erred in refusing the defendant's application for a continuance. But the continuance being asked for the sole purpose of obtaining evidence which, under the pleadings, could not avail the defendant, was properly refused. A continuance will not be granted

to obtain evidence to support an answer, which, if proved to be true, is no defence to the action. There is no error in the judgment, and it is affirmed.

Judgment affirmed.