## K. H. Barbee v. William Holder.

It is only the material traversable facts in the petition, that need be embraced in the affidavit for an attachment.

The nature or character of the debt, or the fact that it is secured by a mortgage, need not be stated in the affidavit for attachment.

Appeal from Bastrop. Tried below before the Hon. Alexander W. Terrell.

This was a suit by K. H. Barbee against William Holder, commenced the 7th September, 1857, by attachment, on a promissory note, before its maturity.

The plaintiff alleged in his petition, that the defendant executed to him on the 31st of October, 1856, his promissory note, for $280, payable October 31st, 1857; that the said note was given in part payment for a wagon and five yoke of oxen; that the defendant, to secure the payment of this note, had executed to him a mortgage on the said wagon and oxen; that the mortgage had been duly recorded; that the defendant was insolvent, and had removed the wagon and oxen, from the county of Bastrop to the county of Harris; had sold one yoke of the said oxen, and was about selling the others, and the wagon, and thereby defraud him of his debt. It was further alleged, that the note was "credited by one mule at seventy dollars, paid the 5th of September, 1857."

The petition was not sworn to, but affidavit was made by the plaintiff, that the defendant " was in debt to him in the sum of $210 ; that the said William Holder was about to transfer his property, for the purpose of defrauding his creditors, whereby this plaintiff would lose his debt; that this attachment was not sued out for the purpose of injuring the said William Holder."

The attachment was issued and levied. The defendant answered the petition, and moved the court to dismiss the attachment, because the petition was not sworn to ; this motion was sustained by the court, and the attachment and petition were dismissed; from which judgment the plaintiff appealed.

*Chandler & Turner, Hancock & West* and *Blanton,* for the appellant.

*M'Ginnis & Jones* and *Petty,* for the appellee.—The material traversable facts set forth in the petition, should be sworn to. (Oldham & White, Dig. 116, Art. 423 ; Cheatham v. Riddle, 8 Texas Rep. 162; Watts v. Harding, 5 Id. 386; 13 Id. 368.) When this has been done, it will be sufficient, but in the case at bar, neither the petition nor the matters therein contained, have been referred to by the affidavit. The affidavit, though upon the same sheet of paper, makes no reference to the petition, or to any of the matters therein set forth.

The indebtedness set up in the petition, with the mortgage to secure its payment, is surely material, but yet the affidavit sets up a different amount. The former is $280, evidenced by note, and secured by mortgage, the latter is $210, without stating whether due by note, account, or otherwise. The one cannot be held to mean the other, upon any reasonable construction of language.

WHEELER, C. J.—The affidavit upon which the attachment issued, is in conformity to the statute ; (O. & W. Dig., Art. 43,) and, under the repeated decisions of this court, must be held sufficient to support the attachment. (Schrimpf v. M'Ardle, 13 Texas Rep. 368; 16 Id. 47 ; Primrose v. Roden, 14 Id. 1; 15

Texas Rep. 568; Wright v. Ragland, 18 Id. 289.) It is only the material traversable facts set forth in the petition, that need be embraced in the affidavit. We are of opinion, that the court erred in dissolving the attachment and dismissing the petition; for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.