J. J. MOSS AND ANOTHER v. A. M. WITCHER.

Plaintiff sued in his individual name on a note payable to him as adminis-
trator of an estate. The defendants, by an unsworn answer, pleaded
that the plaintiff was not, and never had been such administrator ;
that he has no right to the note sued on, and no right to maintain any
action upon it. *Held*, that the plaintiff had the right to bring the suit
in his individual name ; that the answer presented an immaterial
issue, and the plaintiff's motion to strike it out was properly sustained.

ERROR from Grayson.   Tried below before the Hon.₀ C. C. Binkley.

The facts are patent on the face of the opinion.

*Joseph Bledsoe,* for plaintiffs in error.

*John A. Green,* for defendant in error.

OGDEN, J.—This suit was instituted by appellee against appellants, on a promissory note, payable to A. M. Witcher, administrator, etc.   The defendants filed a general demurrer, and an answer in the nature of a plea in abatement.   And on motion of the plaintiff below, that answer was stricken out, and the cause was submitted to a jury, and verdict and judgment were rendered for the plaintiff; and the defendants have prosecuted a writ of error.   That this suit was properly brought by the appellee, under the authority of Butler v. Robertson, 11 Texas, 142, and Claiborne v. Yeoman, 15 Texas, 44, cannot, we think, be doubted.   Under the pleadings it was entirely immaterial whether appellee was really administrator, as stated in the note, or not, as the note was made payable to him; and it was not for the appellants to question his right to sue, and especially as their plea was not sworn to.   We are therefore of the opinion that the court did not err in striking out the plea.

Appellee suggests that this cause was brought here for delay, and asks that the judgment be affirmed with damages; but though this looks very much like a delay case, yet we hesitate to assess damages, as it may be possible that the appeal has been made in good faith. The judgment is therefore affirmed, without damages.

AFFIRMED.