## T. M. Scanlan v. T. M. Campbell.

### Decided January 31, 1900.

**1. Judgment—Direct Attack by Cross-Bill—Tax Title.**

Where one who had purchased from a city a lot which it had bought under a fore-closure of its tax lien thereon brought an action of trespass to try title against the original owner, and the latter filed a cross-bill denying the jurisdiction of the court in the foreclosure suit because he had not been cited and had not appeared therein, making the city a party, asking that such bill be taken as a direct attack on the judg-ment, and tendering the amount of taxes due, this was a direct and not a collateral attack on such judgment, and defendant was entitled to the same relief as if the suit had been brought by him.

**2. Same—Void Judgment—Jurisdiction—Estoppel.**

The owner of property sold under foreclosure of a city's tax lien had in a suit to which he was not a party (citation therein having been served on another person of the same name) is not estopped from asserting the invalidity of the judgment be-cause of the court's lack of jurisdiction, and may recover the property from one who purchased it from the city.

**3. Same—Void Tax Title—Costs—Subrogation.**

The city of Houston conveyed land bought by it under a judgment foreclosing its tax lien thereon to S., who sued the original owner for possession, and the latter, making the city a party, by cross-bill attacked the foreclosure judgment as void and had it set aside. The city charter provided that if the title acquired by a pur-chaser of land sold for taxes shall be declared invalid, he shall be entitled to a lien and a judgment for its enforcement against the owner of the property in the same action for certain sums and for costs. Held, that it was error to adjudge the costs against S., since he was subrogated to the city's rights as against the owner.

**4. Same—Innocent Purchaser—Void Judgment.**

One purchasing land from another who bought it under a foreclosure judgment regular on its face, but void because the judgment defendant was never a party to the foreclosure suit, will not be protected as an innocent purchaser.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*Goldthwaite & Moody,* for appellant.

*W. C. Oliver,* for appellee.

James, Chief Justice.—The city of Houston foreclosed, in a tax suit, upon property in Houston owned by appellee, C. M. Campbell, and under an order of sale had the property sold, and same was bought in by the city for $44.74, the amount of the taxes, interest, and accrued costs, on the first Tuesday in April, 1898. On January 1, 1899, the city con-veyed the property by a quitclaim deed to T. M. Scanlan for $46.80, practically the amount of the judgment, interest, and costs at that date. Scanlan brought this suit in trespass to try title against Campbell.

The record as originally filed here does not contain the whole of the answer, and it seems that the beginning part of the answer was lost; but the District Court, upon proper proceedings, and upon agreement of counsel, has supplied the loss by a substitution of that portion of the pleading, which proceedings have been certified to this court. Defend-ant's answer was general denial, not guilty, and a cross-bill, alleging in

substance, among other things, that the court rendering the said judgment of foreclosure was without jurisdiction of the person of defendant, he not having been cited, nor appearing as a party therein; that the person cited was another person of the same name, and that he had no knowledge of the suit until his colored tenant was put out of possession of the property. We think it unnecessary to state more of this pleading, except that it was in terms a cross-bill, asking affirmatively that it be taken as a direct attack on said judgment and proceedings thereunder, and offering to pay all sums of money due on account of the tax claim upon which the said judgment was rendered, and all proper and reasonable costs in the premises. It made the city of Houston a party, also certain other persons, but the latter were dismissed from the suit.

Decree was rendered that plaintiff take nothing, and that defendant have decree upon his cross-bill annulling the sheriff's deed as to the property in question, and that he be quieted in his title to same and have a writ of possession therefor, and pay into court the sum of $46.80, and he having paid said sum into court for Scanlan, the amount paid by Scanlan to the city for his deed, which was the amount of the taxes due on said property and other property sold at said sale, satisfaction of the said amount was decreed; and it was also adjudged that Scanlan pay all cost of this proceeding.

Various of the assignments of error are founded upon the theory that this was a collateral attack on the judgment under which the plaintiff's title arose. We think it was clearly a direct, and in no sense a collateral one. A defendant may by an affirmative pleading or cross-action convert himself into a plaintiff and have the same relief as if he had been the first to move in the case, provided, of course, he makes necessary parties. Defendant met this requirement by joining the city of Houston, the plaintiff in the judgment. As to what is or is not a direct proceeding has been passed on in this State, and the following citations will suffice to support the above conclusions. Templeton v. Ferguson, 89 Texas, 47; Crawford v. McDonald, 88 Texas, 630; Rules for Dist. Courts, 84 Texas, 709.

The first of the court's conclusions of fact (upon ample evidence) is that defendant herein, the owner of the property in question, was never served with citation in the tax suit. In the conclusions of law the fact is also declared that he did not become a party to the suit. The evidence clearly shows that defendant did not become a party to the suit. These facts are all that are necessary, in our judgment, to determine the rights of the parties. Other questions discussed are immaterial.

Plaintiff Scanlan could have had no more than a qualified title under the judgment. He took subject to the contingency of the judgment and the proceedings thereunder being declared void in a proper proceeding.

It is not conceivable how he could obtain title to land through a judicial proceeding to which the owner was not a party, unless possibly through some conduct of the owner amounting to an estoppel. No es-

toppel is pleaded, and none is developed.   No principle of innocent purchaser could be invoked to give title in this character of case, and no such plea was made.   Besides, plaintiff's deed was a quitclaim, and could confer no better right than the city had.

We are of opinion, however, that there is no error in the decree in adjudging the costs in this proceeding against plaintiff, in view of a provision in the city charter, a public act, which provides that where a purchaser at any sale under foreclosure for taxes shall fail to acquire a valid title to the property so purchased for any reason whatever, the purchaser shall nevertheless have a lien on the property for certain amounts, and be entitled to a judgment "for such amounts and for the enforcement of the lien against the owner of the property, in the same action wherein the invalidity of such sale is declared void, together with his costs incurred in such action." Spec. Laws 1897, p. 75.   The invalidity of the sale is declared here in cross-proceeding by defendant, and the case is governed by the same rules as if it had been a proceeding originally brought by him against the city and plaintiff.   The city purchased at the sheriff's sale this and some other property.   The parcel in litigation here was sold by the city to plaintiff.   It is to be presumed that the city still holds the sheriff's title to the other parcels, and the decree setting aside the sheriff's deed probably settles defendant's title to all the property sold.   The city received the amount of its judgment for taxes, interest, and costs from plaintiff, and plaintiff stands in its place in reference to the rights provided for the purchaser in the event of a failure of the title, and was entitled not only to what was ordered to be paid into court for him, but also to a judgment in his favor for the costs of this proceeding as a lien on the property, with foreclosure.

The judgment of the District Court will be reformed accordingly, and, as reformed, affirmed.

*Reformed and affirmed.*

ON MOTION FOR REHEARING.

In this motion our attention is called to Garrett v. Christopher, 74 Texas, 454, by which it appears that the deed in question from the city to Scanlan is not a quitclaim deed.   We withdraw what is said to the contrary in the opinion, but whether or not it be a quitclaim is immaterial in this case.

The third proposition in the motion merits a further discussion of the rights of a purchaser under a final judgment which is apparently valid. It is contended that Scanlan not having been a party to the suit, and having purchased for a valuable consideration before the making of the attack upon the judgment, and it not being alleged or proven that he had any knowledge of the untruth of the recitals of the judgment, is protected.

The attack made here is a direct one, and upon this question we see no reason to change our opinion.   In Smith v. Perkins, 81 Texas, 157,

cited by appellant, the attack was held not to be direct for reasons not present in this case. The case of Lebreton v. Lemaire, 43 Southwestern Reporter, 32, is not at all in point, for as to such matters as were there alleged to set aside a sale, third persons could undoubtedly become innocent purchasers.

Being a direct attack, the question is: Can a person be regarded as an innocent purchaser under a judgment which, although valid upon the face of the record, was entered without jurisdiction of the person of the defendant? Is not every person chargeable with knowledge of the absence of jurisdiction whether affecting the subject matter or person?

The above questions do not involve a consideration of the rights of one acting upon a judgment of a court of competent jurisdiction, when the parties affected were before the court, and which judgment may be afterwards reversed or sought to be vacated.

The case of Newbold v. Schlens, 9 Atlantic Reporter, 851, is to our minds a clear and satisfactory discussion of the question, and the principle there arrived at is that "a purchaser under a judgment is bound at his peril to see that all proper parties to be bound were before the court, and that he does not take a title supposed to be covered by the decree, that may be impeached aliunde." If this were not true a person can be deprived of his property without due process of law or any process of law. See 2 Freem. on Judg., sec. 509; McDonald v. Crawford, 88 Texas, 632; Graham v. Improvement Co., 50 S. W. Rep., 579.

Every person is charged with knowledge of the law, and it is a rule of law that in personal judgments the court rendering the judgment must have jurisdiction over the person of the defendant and that such jurisdiction is indispensible, and the judgment, no matter what its recitals may be, is subject to be vacated in a proper proceeding, if such jurisdiction was not in fact acquired. Persons dealing with respect to judgments know all this, and must be held to take subject to the possibility of such event.

The principle rests upon the want of power in the court to bind the defendant by an adjudication; and as said in Crawford v. McDonald, 88 Texas, 631, this want of power is the same whether the lack of jurisdiction appears on the face of the record or not; and it is only in cases of collateral attack that the record of a court of competent jurisdiction is indisputable on such matters as herein involved.

As this case will doubtless be brought before the Supreme Court on an application for a writ of error, we will add that this opinion is contrary to what is held in some States. See Harrison v. Hargrove (N. C.), 26 S. E. Rep., 936; also the California case referred to in Freem. on Judg., sec. 509.

The motion is overruled.

*Overruled.*

Writ of error refused.