## W. T. WAGGONER v. MRS. C. E. ROGERS.

### No. 2466. Decided March 21, 1917.

**1.—Limitation—Motion to Correct Judgment.**

A motion to correct a clerical error in the entry of a judgment is not an "action" within the meaning of article 5690, Revised Statutes, barring such proceedings by limitation unless brought within four years. (P. 330.)

**2.—Same—Case Stated.**

In a suit for recovery of land properly described as "fractional section No. 2," etc., the court's docket noted "Judgment for plaintiff as prayed for." The judgment, by mistake of the clerk in its entry, described the land recovered as section "92" instead of "2." Held that the error could be corrected on motion, though filed more than four years after entry of the judgment. (Pp. 330, 331.)

**3.—Cases Discussed, Etc.**

Coleman v. Zapp, 105 Texas, 491, followed. De Camp v. Bates, 37 S. W., 644; and Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448, distinguished as in-

volving correction of the judgment awarded by the court, instead of a mere clerical error in the entry of the judgment pronounced.  (Pp. 330, 331.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Waggoner's motion to correct the entry of a judgment against Rogers made more than four years before was granted by the trial court.  Defendant appealed, and on the judgment being reversed and rendered Waggoner obtained writ of error.

*James T. Montgomery* and *Stephens & Miller,* for plaintiff in error.— The proceeding in the court below is not an "action," but a motion in a pending suit.  Words and Phrases, vol. 1, pp. 128-140; Words and Phrases, vol. 5, pp. 4609-4612.

The case of W. T. Waggoner v. Mrs. C. E. Rogers, No. 3607, in the District Court of Wichita County, Texas, was not finally disposed of in said court until the judgment actually rendered by the court was correctly entered upon the minutes, and until said judgment actually rendered by the court was so correctly entered without mistake upon the minutes of the court the cause was still pending in said court. Coleman v. Zapp, 105 Texas, 491; Partridge v. Wooton, 137 S. W., 412-414; Mi Palmo v. Slayden & Co., 100 Texas, 16; Bassett v. Mills, 89 Texas, 162; Henry v. Boulter, 26 Texas Civ. App., 387, 63 S. W., 1056; Mills v. Paul, 30 S. W., 242.

There is no period of limitation which bars the right of the court to have the entry of the judgment upon the minutes amended so as to correctly show the judgment actually rendered by the court.  Coleman v. Zapp, 105 Texas, 491; Rev. Stats. of Texas of 1895, arts. 1356, 1357; Partridge v. Wooton, 137 S. W., 412-414; Ramsey v. McCauley, 9 Texas, 106; Russell v. Miller, 40 Texas, 494.

*W. T. Perkins, M. M. Hankins,* and *Fred W. Householder,* for defendant in error.—A motion to correct a judgment is an action within the meaning of article 3358 of the Revised Statutes of 1895, fixing a period of four years limitation to all such actions.  Rev. Stats. of 1895, art. 3358; Banks v. Brown, 12 Tenn. (4 Yerg.), 198-199; Pomroy v. Cates, 81 Me., 377; People v. Colburn (N. Y.), 20 How. Prac., 378-380; Berry v. Berry, 147 Ind., 176.

The four years statute of limitation as set out in article 3358, Revised Statutes of 1895, applies to this action, and a motion to correct judgment filed in this case on May 26, 1911, was, therefore, barred.  Rev. Stats. of 1895, art. 3358; Phelan v. Wiley & Botson, 2 Wilson App. Civ. Cases, sec. 735; DeCamp v. Bates, 37 S. W., 644; McLane v. San Antonio National Bank, 68 S. W., 63; Mounger v. Daugherty, 138 S. W., 1070.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

W. T. Waggoner was the plaintiff in an action of trespass to try title against Mrs. C. E. Rogers in the District Court of Wichita County.

The land sued for as described in his petition was "fractional section No. 2 by virtue of certificate 5196, granted to the Gulf, Colorado & Santa Fe Railway Company," containing 300 acres of land situated partly in Wichita County and partly in Wilbarger County.   Judgment for the land was rendered in Waggoner's favor on January 31, 1907, the entry upon the court's docket being, "Judgment for plaintiff as prayed for."   The judgment as entered upon the minutes decreed the recovery for the plaintiff, and described the land as in the petition, except the section number was given as "92" instead of "2."

On May 26, 1911, Waggoner filed his motion in the case for the proper correction of the judgment as recorded in the minutes, alleging that the mistake in the recital of the section number was made by the clerk in entering the judgment.   The motion was resisted for Mrs. Rogers by her guardian, upon the ground that the proceeding amounted to an "action" within the meaning of the four years statute of limitation (art. 5690), and was accordingly barred.   The District Court granted the motion and corrected the judgment record.   The Court of Civil Appeals for the Second District reversed the judgment, sustaining the contention as to limitation, its decision having been rendered before the decision by this court of Coleman v. Zapp, 105 Texas, 491, 151 S. W., 1040.

The question presented was determined in Coleman v. Zapp, and the case is, therefore, ruled by that decision.   We there held that a proceeding which has for its purpose only the correction of the judgment record so as to make it speak the truth and accord with the judgment rendered, is not an "action" within the meaning of article 5690, and is, therefore, not affected by the bar of limitation imposed by that statute.   We make the following quotation from that opinion, where DeCamp v. Bates, decided by the Court of Civil Appeals for the Fifth District and apparently the authority relied upon by the Court of Civil Appeals in the present case, was distinguished:

"It should also be noted that this proceeding did not have for its purpose the correction or amendment of the judgment rendered by the court as distinguished from the entry of the judgment upon the minutes. It sought only to amend the entry, nunc pro tunc, so as to include that which was omitted and thereby afford a faithful record of the whole judgment.   In other words, it did not seek the amendment or correction of a judicial mistake as distinguished from a clerical mistake or omission.   It is clearly distinguishable, therefore, from the cases of DeCamp v. Bates, 37 S. W., 644, in which a writ of error was refused by this court and which is now invoked by the plaintiff in error; Missouri Pac. Ry. Co. v. Haynes, 82 Texas, 448, and others which involved the correction, not of the entry of a judgment, but what was charged to have been a mistake in its rendition.   In DeCamp v. Bates the judgment as rendered was against a partnership.   It was so entered without running also against the individual members of the partnership. Suit was filed to so correct it as to include a judgment against them

individually.   The trial court refused the relief, because, among other reasons, the evidence was not sufficient to show that the judgment as entered was not the judgment actually rendered.   The case in effect was that as the judgment, not only as entered but as rendered, was not against the individual members of the partnership as it was claimed it should have been, the court was asked to correct the judgment so as to so render it.   An amended rendition of the judgment was really the relief sought, which is distinctly different in its nature from an effort only to have accurately entered what had been correctly rendered.

"In Railway Co. v. Haynes, the trial judge, in his computation of the damages he intended to award the plaintiffs, omitted a certain amount through oversight, and accordingly rendered judgment for a mistaken amount.   The mistake consisted in the rendition of the judgment; it was a judicial mistake, not a clerical one, and was properly held as not subject to correction by the trial court on mere motion after adjournment of the term.

"These two cases well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered.   To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary as its jurisdiction of the case is at an end.   In the latter instance the court may, at a subsequent term, of its own motion or upon the application of parties, order the proper entry because the inherent power that it possesses as a court over its own records, endures for the sake of their verity."

The judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*