VAN NESS v. CROW et al. (No. 1452.)

(Court of Civil Appeals of Texas. Amarillo. June 18, 1919. Rehearing Denied Nov. 12, 1919.)

1. HUSBAND AND WIFE ⬅═275—COMMUNITY ESTATE; POWERS OF SURVIVING WIFE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3611, a surviving wife upon remarriage ceases to have control and management of the community estate, or right to dispose of the same, and she cannot sell it even to pay community debts.

2. JUDGMENT ⬅═518—DIRECT ATTACK; WHAT CONSTITUTES.

Plaintiff, who had recovered judgment against defendant and her parents in a previous action of trespass to try title, thereafter filed a petition, containing a count in trespass to try title, to correct the former judgment, which followed the pleadings that erroneously described the land. Held that defendant's cross-bill, attacking the former judgment and asserting title in herself, was a direct, and not a collateral, attack on the original judgment.

3. JUDGMENT ⬅═303—CORRECTION; NATURE OF DEFECT.

The proper procedure to amend a judgment is by motion showing ground for and praying for such relief filed in the original action; but, where a judgment, in trespass to try title, which misdescribed the land, followed the petition, the defect is such that it cannot be remedied by mere motion.

4. COURTS ⬅═472(3)—JURISDICTION TO DIVEST INFANT OF REAL PROPERTY.

Where a judgment of the district court is rendered in an action of trespass to try title against an infant, her mother and her stepfather, held that the judgment divesting the infant of title in land which had been part of the community estate of her mother and her father, and which the mother had conveyed after her remarriage, was within the exclusive jurisdiction of the district court, not the county court.

5. JUDGMENT ⬅═470—PRESUMPTIONS AS TO VALIDITY.

There is a presumption in favor of judgments of courts of competent jurisdiction, and one attacking the judgment has the burden of showing that in no possible way could it have been valid.

6. JUDGMENT ⬅═470—PRESUMPTION OF VALIDITY.

Where the district court in an action of trespass to try title rendered judgment divesting an infant of title to land which had been part of the community estate of her mother and her deceased father, and which had been conveyed to plaintiff by the mother after remarriage, held that though the mother had no authority to convey the community property after remarriage, and though as a general rule a minor's interest in land can be sold only under order of court of probate, the presumption in favor of the validity of the judgment was not overthrown.

7. JUDGMENT ⬅═326—CORRECTION; ORDER NUNC PRO TUNC.

Where a judgment followed the petition which misdescribed land, held that many years thereafter the judgment could not be corrected nunc pro tunc so as to correctly describe the land; the matter not being an error which could be corrected on motion.

Appeal from District Court, Lipscomb County; W. R. Ewing, Judge.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by B. F. Crow and another against Lela Irene Van Ness, who answered by her next friend L. C. Counts, an attorney, and others. From the judgment, the named defendant appeals. Reversed, and case remanded.

Frank Willis and Fisher & Palmer, all of Canadian, for appellant.

E. C. Gray, of Higgins, Hoover & Willis, of Canadian, and H. G. Hendricks, of Amarillo, for appellees.

HALL, J. Cause No. 62 upon the docket of the district court of Ochiltree county, styled B. F. Crow v. Geo. A. Van Ness et al., was filed to the April term, 1904, and was a suit in trespass to try title against Geo. A. Van Ness, his wife, Alice D. Van Ness, and Lela Irene Van Ness, the daughter of said Alice D. Van Ness and stepdaughter of Geo. A. Van Ness. Geo. A. Van Ness and Alice D. Van Ness waived the issuance and service of process, and answered, admitting that the title and ownership of the lands described in the petition were in plaintiff, alleging that they had prior thereto sold and conveyed to plaintiff all their right, title, and interest and the interest of the said minor, Lele Irene Van Ness, in said lands, and in said answer disclaimed, agreeing that judgment should be rendered accordingly. L. C. Counts, an attorney, was appointed guardian ad litem for Lela Irene Van Ness, and for his ward filed an answer, alleging that the lands in question were state school lands; that on the 8th day of August, 1899, they were filed upon by C. W. Van Ness, the father of his ward, who had duly made application to purchase the same from the state of Texas; that the said C. W. Van Ness occupied the land as his homestead, and in due time final proof of occupancy was made by Alice D. Van Ness; that the said C. W. Van Ness, and the defendant, Alice D. Van Ness, were husband and wife, occupying the premises until the death of C. W. Van Ness; that Lela Irene Van Ness was born of that marriage, and that she is the only living heir of the said C. W. Van Ness; that upon his death the land descended to and vested in his ward, subject to the homestead rights of the widow, Alice D. Van Ness. Later and at the same term of court, Guardian Ad Litem Counts moved the court to strike from the answer of Geo. A. Van Ness and wife, Alice D. Van Ness, the name of Lela Irene Van Ness. On October 10, 1905, judgment was entered in favor of the plaintiff B. F. Crow, reciting that the court heard the pleadings and the evidence and disclaimer, as well as admissions made by the defendants, and decreed that the title and possession of the premises described in the petition be vested in B. F. Crow. A guardian ad litem fee

of $10 was taxed, together with all other costs, against the plaintiff. The evidence introduced and upon which the judgment was based was a deed by Geo. A. Van Ness and Alice D. Van Ness, the latter described as the survivor of C. W. Van Ness, deceased, and the present wife of Geo. A. Van Ness. For a consideration of $2,325 paid, the lands involved were conveyed to B. F. Crow, with the warranty of title, "against every person whomsoever lawfully claiming or to claim the same of any part thereof, by, through or under us." The conveyance was executed and acknowledged by the grantors October 24, 1902. The instant case, No. 314, was instituted in the district court of Ochiltree county, September 17, 1917, by B. F. Crow, the plaintiff in the above cause, numbered 62. He sued to correct the judgment rendered in cause No. 62, making Geo. A., Alice D., and Lela Irene Van Ness defendants. The error sought to be corrected was in the description of the lands sued for in cause No. 62. The prayer was that the original judgment be amended, and that said error be corrected by a judgment entered nunc pro tunc. It was alleged that Lela Irene Van Ness was now about the age of 18 years. She answered by her next friend, W. D. Fisher, an attorney, alleging that the district court had no jurisdiction of the action brought to divest her of her estate and interest in the realty described in said judgment; that said realty had been transferred to one John F. Wilkinson, praying that he be made a party, and that both plaintiff and his vendee Wilkinson take nothing as to her interest in said land, which she alleged was an undivided one-half of all the lands described in the judgment. She prayed in the alternative that in the event she could not recover her interest in said lands, then that plaintiff B. F. Crow had fraudulently transferred the same to defeat her interest, and prayed for judgment against him for its value, which was alleged to be $10,000. Defendants, Geo. A. and Alice D. Van Ness, answered by general demurrer, general denial, and plea of not guilty. Later John F. Wilkinson answered, adopting the pleadings and prayer of B. F. Crow, further alleging that he was an innocent purchaser of the land in controversy, and that in said original cause No. 62 the defendant Lela Irene Van Ness was represented by guardian ad litem, who consented to the entry of said judgment, divesting her of her interest in the lands, which she had inherited from her father. His pleading also contains a count in trespass to try title to all the lands. By subsequent supplemental pleadings the minor alleged that the judgment rendered in cause No. 62 was void, because the district court had no jurisdiction of the controversy, and directly attacked said judgment upon the ground that

it was fraudulently obtained. She denied the right of Wilkinson to claim as an innocent purchaser, and asserted that she had never received anything of value for her interest in the land. By agreement the venue of the cause was changed to Lipscomb county, where upon a trial before the district judge, without a jury, judgment was rendered in favor of Wilkinson and Crow for the land, and correcting the description.

Under various assignments it is asserted that the court erred in decreeing the title and possession of the land to Crow and Wilkinson, because the evidence disclosed that it was the property of Lela Irene Van Ness, having been inherited by her from her deceased father, and never having been legally disposed of; that the district court has no jurisdiction to divest a minor of an interest in realty unless the party seeking such judgment has some character of title from the minor's ancestor; that the deed executed by Geo. A. and Alice D. Van Ness, under which plaintiff Crow claimed at the time the judgment in cause No. 62 was rendered, was void under article 3611, Vernon's Sayles' Civil Statutes; that for the same reason John F. Wilkinson acquired no title; that because the court had no jurisdiction the judgment in cause No. 62 was absolutely void; that under the Constitution and laws her title could only be divested by a proper proceeding in the county court, and that no such proceeding was ever attempted; that the evidence disclosed that she had never received anything of value for her interest in the land. By counter propositions appellee Crow and Wilkinson assert that the district court of Ochiltree county had jurisdiction of the matter in controversy; that a judgment against a person under disability, such as infancy, is not void though it may be voidable, and is sustained by the presumption obtaining in the support of judgments of courts of record; that the attack made in this case upon said judgment is a collateral, and not a direct, attack, and that the evidence conclusively shows that Wilkinson is an innocent purchaser of the premises; that the court did not err in refusing to render judgment against Crow for damages, because no trust was shown to have been reposed in Crow, requiring him to respond in damages.

[1] The deed from Mrs. Alice D. Van Ness and her husband, Geo. A. Van Ness, purporting to convey community property of herself and first husband, was inoperative and void in so far as it attempted to dispose of the estate of the minor daughter of her first marriage. Article 3611, V. S. C. S., provides that upon the marriage of the surviving wife she shall cease to have control and management of the community estate or the right to dispose of the same. After her remarriage she cannot sell it even to pay community debts. Auerbach v. Wylie, 84 Tex. 615, 19 S. W. 856, 20 S. W. 776; Davis v. McCartney, 64 Tex. 588; Llano Improvement Co. v. Cross, 5 Tex. Civ. App. 175, 24 S. W. 77; Wingfield v. Hackney, 95 Tex. 490, 68 S. W. 263; Summerville v. King, 98 Tex. 332, 83 S. W. 680.

[2, 3] This being a proceeding by the plaintiff in the judgment to correct it, joined with a suit in trespass to try title to the land described in it and by the defendant to vacate the judgment for fraud and want of jurisdiction, and all parties to the original action being parties to this proceeding, the defendant's cross-bill is not a collateral, but a direct, attack on the judgment. Scanlan v. Campbell, 22 Tex. Civ. App. 505, 55 S. W. 501; Hill & Jahns v. Lofton, 165 S. W. 67; Patrucio v. Selkirk, 160 S. W. 635; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541; Hammond v. Atlee, 15 Tex. Civ. App. 267, 39 S. W. 600; I & G. N. Ry. Co. v. Moore, 32 S. W. 379; Rowe v. Silbaugh, L. R. A. 1918D, 470, note. The proper precedure to amend a judgment is by a motion showing ground for and praying for such relief, and filed in the original action. It appears that the petition for that purpose, filed by Crow, was docketed as a separate and distinct cause, but, since this pleading and the pleading filed by Crow both contain a count in trespass to try title to all the land in controversy, the action is properly one in trespass to try title on their part, and an action on the part of the minor attacking the original judgment for fraud and want of jurisdiction. So much of the pleadings of Crow and Wilkinson as seek to correct the original judgment must be considered merely as a motion for that purpose; and, because it appears that, in so far as the judgment misdescribes the land, it follows the description of the land as made in the petition, a defect is shown which cannot be remedied by a mere motion. See Waggoner v. Rogers, 108 Tex. 328, 193 S. W. 136, and cases cited therein.

[4-6] The first question to be considered is, Did the district court have jurisdiction to render judgment against the minor in cause No. 62, divesting her of her interest in the community estate of her parents, C. W. and Alice D. Van Ness, or did such power rest exclusively in the county court? It is contended by appellant, based upon Messner v. Giddings, 65 Tex. 301, Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80, and that line of cases, that the county court alone could, under the circumstances, dispose of the minor's interest. The facts do not bring the case within the rule announced in these authorities. Cause No. 62 was a suit in trespass to try title, filed by B. F. Crow against Geo. A. Van Ness, the

stepfather of the minor, and Alice D. Van Ness, her mother, in which the minor was also made a party by proper pleadings and citation duly served. George A. Van Ness and Alice D. Van Ness answered, admitting that the title and ownership of the lands were in the plaintiff, reciting that they had theretofore sold and conveyed to him all their right, title, and interest, "for valuable consideration paid to them, and also the said minor, defendant herein; defendants and each of them here disclaim any and all interest in and to the said lands mentioned and described in said petition and each and every part thereof, and expressly admit the title and right of possession in plaintiff, and agree that judgment may be rendered accordingly." As stated, L. C. Counts, an attorney, was duly appointed guardian ad litem for the minor. In an answer, filed by him, he set up the fact of the purchase of the lands from the state by C. W. Van Ness, the father of defendant; that proof of occupancy was duly made by Alice D. Van Ness; that C. W. Van Ness and Alice D. Van Ness were husband and wife until the death of C. W. Van Ness; that appellant was the only child born of that marriage, who inherited her father's interest in the estate upon his death. He also filed a motion, asking that the name of the child be stricken from the answer filed by her mother and stepfather in the case, which seems not to have been acted upon. Following these pleadings, set out in the statement of the facts herein, is the judgment of the court, which recites:

"The court, after considering the evidence and the answer and disclaimer, as well as admissions made by the defendants, as stated therein, is of the opinion that both the law and facts are for the plaintiff, and that he ought to recover of and from all the defendants the title and possession of all the lands in controversy."

The judgment then proceeds to decree the land to Crow, with writ of possession, fixing the guardian ad litem's fee at $10, and taxing the costs against Crow. This judgment is dated October 10, 1905. We find in the record a deed dated October 24, 1902, from George A. and Alice D. Van Ness, conveying the title to B. F. Crow by special warranty, which recites a consideration of $2,325 paid to the grantors. It was agreed upon the trial of this case that C. W. Van Ness purchased the land in question from the state August 5, 1899; that he died intestate in November, 1900, and left surviving him his wife, Alice D. Van Ness, and their infant daughter, Lela Irene Van Ness as his only heirs; that the land in controversy was community property of C. W. and Alice D. Van Ness. It was shown that no proceedings were ever insti-

tuted in the matter of the estate of C. W. Van Ness and wife, and no action by the probate court was ever invoked or had with reference to the interest of the minor in such estate; that the community debts were all paid with the proceeds of the sales of the community personalty; that appellee Crow requested Geo. A. Van Ness, the stepfather, to apply to the probate court for an order to sell the minor's interest; that the stepfather declined, upon the ground, as stated to Crow, that he could not make the necessary affidavit required to procure such an order, since it was not necessary to sell the land, either to pay debts or support and maintain the minor; that when the original judgment was rendered no testimony was offered in behalf of the minor; and that Crow paid nothing whatever to the minor for her interest in the land. These proceedings show that cause No. 62 was simply one of trespass to try title, of which the district court had exclusive jurisdiction.

Appellant alleges in her cross-action that there was an agreement between the parties to that suit that certain other lands should be conveyed to the minor in lieu of her interest in the lands attempted to be described by Crow in his petition, and the judgment as entered was based upon that agreement. There is no proof whatever of any such agreement; no deed made in pursuance thereof was ever introduced. So far as the record discloses, we must presume that there was a trial before Judge Baker, presiding judge, and the presumption in favor of judgments rendered by courts of competent jurisdiction must prevail. We must presume, as suggested by appellee in his brief, that there was introduced in evidence either a contract to convey, executed by C. W. Van Ness before his death, or that in some other way, valid in law, Crow had been vested with some right, title, or claim supporting the judgment. The burden was upon appellee to show by competent evidence that in no possible way could the judgment have been valid. This burden was not discharged. The only officer of the court who testified was Whippo, the district clerk, and his evidence with reference to the proceedings is meager and unsatisfactory. Counts was not a witness. Of course the judgment does not deprive appellant of her interest in any land not described in it, and its effect is to leave the title to the E. ½ of the W. ½ of section 576, which is misdescribed as the E. ½ of the W. ¼ of the section in the same condition as if no judgment had been rendered. Upon the face of the record it vests the title to the remaining lands in Crow.

It is true, as contended by appellant, that as a general rule a minor's interest in land can be sold only through the order of the probate court, and it is equally true that article 3611, Vernon's Sayles' Civil Statutes,

denies the surviving wife the right to dispose of the community property after her marriage, but appellant did not overcome the presumption which obtains in favor of the validity of the original judgment by mere proof that no sale had ever been ordered by the probate court, and that Mrs. Alice D. Van Ness conveyed the land to Crow after her marriage to Geo. A. Van Ness. Having filed a formal petition in trespass to try title, Crow could show by his evidence title obtained in any manner other than by deed from the surviving wife after her marriage, and we must presume this was done.

The pleadings of the parties are not in such condition that we can adjudicate the respective rights of all parties in the E. ½ of the W. ½ of section 576.

If it should appear upon another trial that Wilkinson is an innocent purchaser of any part of the land, then under proper pleadings and evidence appellant may be entitled to recover her share of the value of the property so recovered by him. Such seems to be the effect of the holding in Miller v. Himebaugh, 153 S. W. 342; Martin v. Robinson, 67 Tex. 368, 3 S. W. 556, and the authorities cited. It is held in Worst v. Sgitcovich, 46 S. W. 72, that in some cases the mother is a trustee for the benefit of the minor, and in Eddy v. Bosley, 34 Tex. Civ. App. 116, 78 S. W. 568, that a purchaser from her with knowledge of the facts is a participant in the fraud resulting by an illegal sale of a trustee of the trust property. We entertain serious doubts as to the right of appellant to base her recovery upon the idea that there was a breach by her mother to which Crow was a party. We think her right of action against Crow for damages, if any, rests upon fraud, actual or constructive, and conspiracy. This question is not squarely before us for decision, and we make this statement as a suggestion to be considered upon another trial.

[7] The record contains no findings of fact and conclusions of law, but we believe we are warranted in concluding that the court's judgment was intended as the entry of a judgment nunc pro tunc, which, of course, could not be done, or that it was based upon the validity of the former judgment and the deed made by Mrs. Van Ness during coverture. There is no evidence supporting the right of Wilkinson to recover the E. ½ of the W. ½ of section 576, and since the case has not been fully developed and the issue clearly drawn by the pleadings, the judgment is reversed, and the cause remanded.