Gordon v. Rhodes & Daniels (Tex. Civ. App.) 104 S. W. 786; Latimer v. Ry. (Tex. Civ. App.) 104 S. W. 788; Waterman Lumber & Supply Co. v. Wheeler (Tex. Civ. App.) 142 S. W. 145; Kennedy v. Wheeler (Tex. Civ. App.) 256 S. W. 315; Moore v. McLennan County (Tex. Civ. App.) 275 S. W. 478.

"The Redistricting Act above mentioned of the Fortieth Legislature made no provision for the transfer of appeals then pending. Had the law made provision for the transfer of this case, this court would have jurisdiction. Keator v. Whittaker, 104 Tex. 628, 143 S. W. 607; Heflin v. Ry., 106 Tex. 23, 155 S. W. 188.

[3] "Or if there had been an order by the Supreme Court transferring this case from the Eastland court to this court, then we would have jurisdiction. Kennedy v. Wheeler, supra. So far as we are advised, the Supreme Court has not ordered the transfer of this case. It therefore seems to the El Paso court that it has no jurisdiction over this appeal and that jurisdiction thereof is with the Eastland court, for the reason that the jurisdiction of that court attached upon the approval and filing of the appeal bond, and there has been no act of the Legislature or order of the Supreme Court transferring the appeal from the Court of Civil Appeals of the Eleventh District at Eastland to the Court of Civil Appeals of the Eighth District at El Paso. See cases first cited.

"In this situation the Court of Civil Appeals of the Eighth Supreme Judicial District at El Paso deems it advisable to present to the Supreme Court for adjudication, and does hereby respectfully certify to the Supreme Court this question: Has the Court of Civil Appeals of the Eighth Supreme Judicial District at El Paso jurisdiction of this appeal, or is such jurisdiction vested in the Court of Civil Appeals of the Eleventh Supreme Judicial District at Eastland?"

The question certified should be answered in accordance with the views indicated in the certificate; that is, that the Court of Civil Appeals for the Eighth District has no jurisdiction over the appeal, but that jurisdiction thereof is vested in the Court of Civil Appeals for the Eleventh District.

CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

---

**GARZA et al. v. KENEDY et al.**

(No. 815—4847.)

Commission of Appeals of Texas, Section B. Nov. 2, 1927.

1. **Judgment ☞522—Suit to set aside partition judgment and sale thereunder for irregularities dehors record held direct attack.**

Suit by defendants in partition suit to set aside judgment and sale of property thereunder for want of service and irregularity dehors the record *held* a direct attack not only to vacate judgment in prior suit, but to set aside sheriff's deed made in attempted enforcement thereof.

2. **Judgment ☞460(1)—In direct attack, it is unnecessary to allege that judgment showed invalidity on its face.**

In a suit directly attacking a judgment, it is not necessary to allege that judgment showed its invalidity on its face.

3. **Judgment ☞522—Original parties being parties to suit, nature of suit as direct attack on judgment is not altered because others were made parties.**

Since original parties to judgment were made parties to suit directly attacking judgment, nature of the suit as direct attack cannot be altered because others were also made parties defendant.

4. **Judgment ☞457—Vendees of plaintiff claiming under judgment held proper parties to suit to vacate, where their rights were affected by regularity of judgment and sale thereunder.**

In suit to vacate judgment and sale of property thereunder for want of service and irregularities dehors the record, vendees of plaintiff in the original case necessarily claiming under judgment were proper parties defendant, since their rights were affected by regularity of judgment and sale under which they claimed.

5. **Judgment ☞405—That attack on judgment is mere incident to relief held not to affect right thereto.**

In suit by defendants in partition suit to set aside judgment and sale of property thereunder for want of service and irregularities dehors record, fact that attack on judgment was mere incident to relief prayed for *held* not to affect right to set judgment aside.

6. **Pleading ☞205(2)—Liberality is indulged in, in testing sufficiency of petition by general demurrer, though it contains pleader's conclusions drawn from facts not revealed.**

In testing sufficiency of petition by general demurrer, liberality is indulged in, even though much of pleading is made up of pleader's conclusions drawn from facts not revealed.

7. **Pleading ☞207—Pleader's conclusions drawn from facts not revealed, can only be reached by special demurrer against that defect.**

Pleader's conclusions, drawn from facts not revealed, can only be reached by special demurrer against that defect, and not by general demurrer.

8. **Judgment ☞456(1)—One laboring under disability is not chargeable with "laches" for failure to move to vacate judgment during disability, but must only exercise reasonable diligence.**

A person laboring under legal disability is not chargeable with laches for failure to move during disability, but is only required to exercise reasonable diligence in moving to vacate judgment rendered against him after removal of disability; "laches" not being mere lapse of time, but being unreasonable delay under circumstances generally involving injustice or injury to opposite party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Laches.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Judgment ⊚⟶464—After successful attack on existing judgment, equity will do complete justice in attacking suit and rendering judgment as facts demand.**

Result of successful attack on existing judgment is not to leave original cause standing for trial between parties at subsequent day, but equity does complete justice in attacking suit and renders such judgment as facts demand.

**10. Judgment ⊚⟶457—All owners of land, being necessary parties to partition suit which would follow successful attack on judgment, were necessary parties in direct proceeding to set judgment aside.**

In suit by defendants in partition suit to set aside judgment and sale thereunder for want of service and irregularities dehors the record, since result of successful attack on judgment would not be to leave original cause standing for trial between parties, but equity would be authorized in attacking suit to render such judgment as facts demanded, all owners of land, being necessary parties to partition suit, were necessary parties in direct proceeding to set judgment aside.

**11. Appeal and error ⊚⟶1089(4)—Before reversing judgment of Court of Civil Appeals, Supreme Court must ascertain if it can be sustained on grounds other than specified.**

Before reversing judgment of the Court of Civil Appeals, it is duty of the Supreme Court to ascertain if it can be sustained on any other ground than that specifically stated.

**12. Limitation of actions ⊚⟶39(7), 72(1), 73(1)—Four-year limitation applies to suit to vacate judgment, but is inapplicable where plaintiffs were married women or minors during part of prescriptive period (Rev. St. 1925, art. 5529).**

While 4-year limitation of Rev. St. 1925, art. 5529, is applicable to a suit to set aside judgment in partition suit and sale of property thereunder, statute has no application where plaintiffs were married women or minors during part of prescriptive period.

**13. Limitation of actions ⊚⟶19(7)—Pleas of limitation applicable to recovery of real estate do not apply to suit to vacate judgment and cancel sale.**

Where suit by defendants in partition suit to set aside judgment and sale of property was personal action, pleas of 3 and 5 year limitations applicable only to actions to recover real estate do not apply.

Error to Court of Civil Appeals of Fourth Supreme. Judicial District.

Suit by Juana G. Garza and others against Robert Tom Kenedy and others. Judgment of dismissal was affirmed by the Court of Civil Appeals (291 S. W. 615), and plaintiffs bring error. Judgments of the district court and the Court of Civil Appeals reversed, and cause remanded to the district court for trial.

Kleberg & North, of Corpus Christi, and U. S. Algee and Huson & Huson, all of San Antonio, for plaintiffs in error.

E. B. Ward and Boone & Savage, all of Corpus Christi, W. L. Dawson, of Mission, James H. Anderson, of Mercedes, and Robt T. Kenedy, of Edgar, for defendants in error.

SHORT, J. The writ of error herein was granted to review the holding of the Court of Civil Appeals for the Fourth district, affirming the judgment of the trial court which sustained a general demurrer and certain special exceptions resulting in a dismissal of the plaintiffs' case. 291 S. W. 615. The plaintiffs' action was one to cancel a certain judgment of foreclosure and a sale of land thereunder and to recover an interest in the land. The holding of the Court of Civil Appeals is predicated expressly upon the ground that the suit is a collateral attack upon the judgment for grounds showing at most only irregularities. The holding is thus stated by that court:

"This is clearly a collateral attack on a judgment, which does not show on its face its invalidity, but, at most, an irregularity. The parties to the judgment have no interest in the property. While the original parties are made parties to this suit and the judgment is attacked, still the suit has an independent purpose and affects parties not parties to the suit and judgment complained of by the appellants herein. The attack on the judgment is a mere incident, and the judgment creditor could suffer no loss by setting aside the judgment. Therefore the attack on the judgment is collateral, and even if there was no service or there was some irregularity shown dehors the record, it could not be attacked in this proceeding in so far as it would affect the rights of purchasers under the judgment, and there is no other substantial relief sought in this suit."

[1] We cannot agree with the Court of Civil Appeals in its statement of the nature of this suit, and therefore do not approve its conclusion that the same constitutes a collateral attack on the judgment. The petition, at great length, sets forth that some of the plaintiffs, there being several, were not served with citation in that case, made no appearance therein through attorneys or otherwise, and had no notice whatever of the judgment rendered until a time long after their right to appeal appears to have expired; that the only pleading in the case by plaintiff was an ordinary petition for partition under the statute; and that without their authority, knowledge, or consent a personal judgment was rendered against them, some of whom were married women, and others of whom were minors, and in other particulars alleged irregularities, which, if true, would have authorized a reversal upon appeal.

As to the sale itself, it was specifically alleged that the five lots in controversy were sold in bulk rather than separately; that, in truth they were of the reasonable value, less incumbrances against the same, of $7,000,

while they sold at the foreclosure sale for only $300, more than $200 of which was credited or paid upon the personal judgment recovered by the plaintiff; that the purchasers at such sale were the attorneys for the plaintiff; and that such purchasers and all subsequent vendees, all of whom were made parties, had constructive and actual notice of all the irregularities and vices alleged as a ground for attack upon the judgment.

The case therefore turns upon whether or not this is a direct attack upon the judgment complained of. The case of Crawford v. McDonald, 88 Tex. 630, 33 S. W. 327, cited first by the Court of Civil Appeals for its holding, is perhaps the leading authority upon this question. In a very lucid opinion by Justice Denman, a very concise differentiation between a direct and collateral attack is made. It is there said:

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness, or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect," etc.

When tested by these rules, and they undoubtedly are sound, the present suit clearly is a direct attack not only to vacate the judgment in the prior suit, but to set aside the sheriff's deed made in the attempted enforcement of the same. It is in no sense an effort to avoid the binding force of such judgment without formally and regularly setting the same aside. The suit admittedly is brought in the court wherein such original judgment was rendered and makes parties all the parties to the original suit, and the petition contains a prayer for judgment—

"setting aside, vacating, canceling, annulling, declaring void and of no effect the said judgment in said cause No. 5645, hereinabove complained of and described, and the order of sale issued thereon, as above described, and the said sheriff's sale and sheriff's deed thereunder, as hereinbefore described; that said judgment, order of sale, sheriff's sale, sheriff's deed to said defendants W. L. Dawson and Jas. H. Anderson, aforesaid, and said deeds from defendants W. L. Dawson and Jas. H. Anderson to the defendant John Grant, and from said John Grant and wife, Blanche Grant, to said defendant William Meaney, and from said defendant John Grant, to the defendant C. L. Burchers, each hereinbefore set forth and described, be each declared and adjudged to be of no binding force or effect against these plaintiffs. * * *"

It is difficult to conceive anything that could be added to the petition to make it a direct attack upon the judgment if this suit be not such attack.

[2-5] If this be a direct attack, it is not necessary to allege that the judgment shows on its face its invalidity, for that would render the same void and subject to a purely collateral attack. Since the original parties to the judgment are made parties to this suit, it cannot alter the nature of the action that others were also made parties defendant. It cannot be true that the parties to the judgment have no interest in the property when testing the demurrer. It is alleged that Kenedy, one of the defendants, the plaintiff in the original case, does own a stated interest in the property unless he has conveyed it, and his vendees and their vendees, all of whom claim necessarily under the judgment, are made parties, and the nature of their claims is set forth. Such persons are at least proper parties, since their rights are, in a measure at least, affected by the regularity of the judgment and sale under which they claim. Neither is it true, in any just sense, that the attack on the judgment is a mere incident to the plaintiffs' relief. It may as well be said that the recovery of their alleged interest in the land is merely an incident to their relief through setting aside the judgment and sale. In a sense, to be sure, every direct attack upon a judgment or instrument to set the same aside, is for the purpose of ultimate relief beyond the formal vacation or cancellation. Such suits to vacate or cancel would ordinarily be worthless if this were not true. Where such property or personal rights follow, there is a very substantial relief to be had through the formal vacation or cancellation. It is indispensable to a recovery.

[6-8] In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed "conclusions of the pleader," drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer. Bragg v. Houston Electric Co. (Tex. Civ. App.) 264 S. W. 245; Saner-Ragley Lumber Co. v. Spivey (Tex. Civ. App.) 255 S. W. 193. It is also urged that the petition fails to show diligence on the part of the plaintiffs in error, but in this connection the record discloses that several of the parties who were charged with want of diligence were laboring under legal disabilities, and a person so laboring is not chargeable with laches for failure to move during the period of disability. He is only required to exercise reasonable diligence in moving to vacate the judgment rendered against him after the removal of the disability. Laches is not mere lapse of time, but is unreasonable delay under the circumstances, generally involving injustice or injury to the opposite party. 34 C. J. 266 et seq. We

think the Court of Civil Appeals erred in holding that this suit constituted a collateral attack upon the former judgment in favor of Kenedy. This conclusion is supported by the authorities. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025; Rowland v. Klepper (Tex. Com. App.) 227 S. W. 1096; Harrison v. Sharpe (Tex. Civ. App.) 210 S. W. 731; Scanlan v. Campbell, 22 Tex. Civ. App. 505, 55 S. W. 501, writ refused.

[9, 10] Further, with respect to the presence in this suit of persons other than parties to the Kenedy judgment, it would appear they are not only proper but necessary parties in any direct proceeding to set aside that judgment. Under the rule in this state, the result of a successful attack upon an existing judgment is not to leave the original cause standing for trial between the parties at a subsequent day, but equity will do complete justice in the attacking suit and will render such judgment as the facts demand. Roller v. Wooldridge, 46 Tex. 485; Overton v. Blum, 50 Tex. 417; Cooper v. Cooper (Tex. Civ. App.) 260 S. W. 679, writ refused. This being true, under well-settled rules, all owners of the land were necessary parties to a partition thereof which would have followed upon the allegations of the plaintiffs' pleading herein.

[11, 12] Before reversing the judgment, it is our duty to ascertain if the same could be sustained upon any other ground than that specifically stated by the Court of Civil Appeals. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Hanes v. Hanes (Tex. Com. App.) 239 S. W. 190. The trial court sustained exceptions urging the pleas of limitations of 4 years as applied to personal actions, and of 3 and 5 years as applied to actions to recover real estate. This ruling cannot be sustained. The statutes of 4 years (article 5529, R. S. 1925) is applicable to a proceeding like this (Foust v. Warren [Tex. Civ. App.] 72 S. W. 406; Watson v. Texas, etc., Ry. Co. [Tex. Civ. App.] 73 S. W. 830; State v. Dashiell, 32 Tex. Civ. App. 454, 74 S. W. 781; Hamilton v. Blackburn, 43 Tex. Civ. App. 153, 95 S. W. 1094; McLean v. Stith, 50 Tex. Civ. App. 323, 112 S. W. 355; Holt v. Love [Tex. Civ. App.] 168 S. W. 1018; Texas, etc., Co. v. Miller [Tex. Civ. App.] 171 S. W. 1069; Swearingen v. Swearingen [Tex. Civ. App.] 193 S. W. 442; Kirtley v. Spencer [Tex. Civ. App.] 222 S. W. 328; Gulf Production Co. v. Palmer [Tex. Civ. App.] 230 S. W. 1017), but the statute has no application where the plaintiffs are married women or minors during a part of the prescriptive period.

[13] As to the pleas of 3 and 5 years' limitations, these are applicable only to actions to recover real estate. And we have shown that this is not such an action, but rather a personal action to vacate a judgment and cancel sale and deed thereunder. The cause of action in favor of plaintiffs to recover the lands involved here could not arise so long as the judgment interposed as a defense remained unabated. If not void (and it clearly is not), such judgment would stand as a bar to the recovery of the land until set aside so that the plaintiffs had no cause of action to recover the land so long as the judgment stands. Their cause of action to recover the land could only be asserted, and limitations under the 3 and 5 years' statutes would only start, upon the vacation of the judgment or the cancellation of the sale under which the defendants in error claim. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025. We do not pass upon any of the numerous assignments of error complaining of the action of the courts in sustaining special exceptions which did not call for a dismissal of the case, since the plaintiffs could not, of course, meet special exceptions where a general demurrer was properly sustained.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and judgment be here entered reversing the judgment of the district court and remanding the cause to that court for trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.