### FAGAN v. WADEL–CONNALLY HARDWARE CO.
### No. 4830.

Court of Civil Appeals of Texas. Texarkana.
Jan. 9, 1936.

C. C. Morris, of Tyler, for plaintiff in error.

Wuntch & Bindler, of Tyler, for defendant in error.

HALL, Justice.

The defendant in error, a corporation, brought this suit in the county court of Smith county, Tex., against R. L. Crownover and W. H. Fagan, alleging that

Crownover executed and delivered to it his promissory note in the sum of $333.13, which was secured by a chattel mortgage on certain filling station equipment; that W. H. Fagan agreed to assume the payment of the note sued upon and did in fact make several payments on same. It alleged a balance due on said note of $272.85, together with interest and attorney's fee; and it prayed for judgment for its debt, interest, and attorney's fee against both Crownover and Fagan, jointly and severally.

Crownover answered by general demurrer, general denial, and admitted execution of said note and mortgage, but alleged that he had turned over the equipment listed in said mortgage to Fagan, who agreed to pay the indebtedness. Crownover alleged further that the defendant in error knew of this arrangement between him and Fagan and agreed thereto; and agreed, also, to release him, Crownover, from further liability on said note; that Fagan allowed the equipment theretofore turned over to him by Crownover to remain unprotected from the elements so as to damage same, all with the knowledge and consent of plaintiff. By cross-action Crownover sought judgment over against Fagan for any amount that defendant in error might recover against him, Crownover.

Fagan answered by general demurrer, special exception, general denial, and specially denied all the allegations in both the original petition of defendant in error and the answer and cross-action of Crownover, and alleged further that he turned the equipment over to defendant in error in full satisfaction of said indebtedness.

Judgment was rendered by the trial court for Wadel-Connally Hardware Company against both Crownover and Fagan for its debt, with a foreclosure of its mortgage lien; and for Crownover over against Fagan for the amount of the judgment. From this judgment, Fagan alone has appealed to this court.

The statement of facts prepared and filed by the trial judge reveals that Fagan was indebted to the Wadel-Connally Hardware Company on an open account which was past due; that he, "W. H. Fagan, approached plaintiff (Wadel-Connally Hardware Company) with the proposition that he (Fagan) had certain equipment that he could sell to one Crownover, and that Crownover would execute a chattel mortgage on said equipment payable to Wadel-Connally Hardware Company. The equipment was of the value of $333.13, and plaintiff (Wadel-Connally Hardware Company) paid Fagan $100 by check * * * being the difference between the open account and the price Crownover was to pay Fagan for the equipment. * * * That in compliance to said agreement defendant W. H. Fagan sold his equipment to defendant Crownover and Crownover executed his note and chattel mortgage in payment for the equipment to Wadel-Connally Hardware Company as payee. Said note was signed by W. H. Fagan." The facts reveal that Crownover made one payment on the note after which he turned the property back to Fagan, who made two payments on the note and turned the property over to Wadel-Connally Hardware Company. Fagan claimed the property was turned over to the Hardware Company in cancellation of the indebtedness, while the Hardware Company claimed it was turned over to it for inspection. The trial judge made the following findings of facts and conclusions of law:

"1. W. H. Fagan owed plaintiff, Wadel-Connally Hardware Company, a sum of money on open account.

"2. W. H. Fagan approached plaintiff with the proposition that he had certain equipment which one R. L. Crownover desired to purchase.

"3. A chattel mortgage was executed by R. L. Crownover and W. H. Fagan to Wadel-Connally Hardware Company on certain equipment belonging to W. H. Fagan in cancellation of Fagan's open account by Wadel-Connally Hardware Company.

"4. W. H. Fagan received $100.00 upon the delivery of the chattel mortgage to Wadel-Connally Hardware Company in addition to a sum from R. L. Crownover.

"5. Payments on the chattel mortgage were made by both R. L. Crownover and W. H. Fagan.

"6. Equipment was placed in possession of R. L. Crownover.

"7. At a later date equipment was returned by Crownover to W. H. Fagan in full settlement of his debt held by Fagan.

"8. Payment was made on equipment while the equipment was in possession of W. H. Fagan to Wadel-Connally Hardware Company.

"Conclusions of Law.

"I find as a matter of law that W. H. Fagan and R. L. Crownover are jointly and severally liable to the plaintiff, Wadel-Connally Hardware Company, and that R. L. Crownover have judgment over and against W. H. Fagan for any amount that might be recovered from him by Wadel-Connally Hardware Company."

 Plaintiff in error seeks a reversal of the judgment of the court below on the single proposition that the pleadings do not support the judgment. As stated in the beginning of this opinion, the plaintiff in error demurred both generally and specially to the petition of defendant in error, but the record wholly fails to disclose any action taken thereon by the trial judge, and for that reason we cannot consider the special exceptions. Cannon v. Hathaway (Tex.Civ.App.) 12 S.W.(2d) 618; T.J., vol. 3, p. 445, § 315, and authorities there cited. We have examined the petition of defendant in error upon which it went to trial to ascertain whether it is vulnerable to a general demurrer, and in so doing we must keep in mind rule 17 of the Supreme Court (20 S.W. xii) which provides: "General exceptions shall point out the particular instrument in the pleadings, to wit, the original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency." Tested by the above rule, we have concluded that the original petition of defendant in error is not subject to general demurrer. It is true that the allegation therein which connects plaintiff in error with the note and mortgage sued upon is in effect a conclusion of the pleader, and in our opinion, said allegation is subject to a special exception. In Garza v. Kenedy (Tex.Com.App.) 299 S.W. 231, 233, it is said: "In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer. Bragg v. Houston Electric Co. (Tex.Civ.App.) 264 S.W. 245; Saner-Ragley Lbr. Co. v. Spivey

(Tex.Civ.App.) 255 S.W. 193." Therefore it is our opinion, based upon the authority quoted above, that the petition of defendant in error undisturbed by a special exception properly before this court states a cause of action against both Crownover and Fagan.

The judgment of the trial court is affirmed.