## McCLINTOCK & ROBERTSON v. COTTLE COUNTY.

### No. 5000.

Court of Civil Appeals of Texas. Amarillo.

March 13, 1939.

Rehearing Denied April 17, 1939.

Williams & Bell, of Childress, for appellants.

James M. Whatley, William B. Combest, and C. E. Blount, all of Paducah, for appellee.

JACKSON, Justice.

This suit was instituted in the District Court of Cottle County by the appellants, McClintock & Robertson, a firm of attorneys composed of V. H. McClintock and Elgar L. Robertson, against the appellee, the County of Cottle, upon a written contract by the terms of which the appellants were engaged to perform certain services for the appellee.

The appellants for cause of action allege that prior to the institution of this suit Cottle County had at different times during the preceding years created certain valid bonded indebtedness and with the proceeds thereof had constructed certain designated state highways in the county and a large portion of such indebtedness was eligible for participation in the funds coming into the County and Road District Highway Fund; that about January 11, 1937, the County of Cottle, acting by its county judge and commissioners' court, determined that in order to secure any of such fund it was necessary to employ attorneys to examine the records of said county and the State Highway Department, assemble such data and evidence as was necessary to determine the amount of such bonded indebtedness eligible to participate in said fund and to secure the approval of such indebtedness by the proper officials for participation in such fund; that on said date the appellants and appellee entered into a written contract under the provisions of which appellants were employed to investigate the records of such bonded indebtedness and to assemble the data necessary to have the amount eligible for participation in said fund determined and approved by said Board of County and District Road Indebtedness.

The original contract, in paragraph 5, stipulated that: "For the services aforesaid, said county will pay to said attorneys as fees therefor, a sum equal to 10% of the net amount or amounts of indebtedness or reimbursement of expenditures of said county, that may be assumed or approved for participation by the state, or any board, department, or agency of the state or Federal government, and of the amount or amounts of any funds or refunds that may be made to the said county from any source as a result directly or indirectly, wholly or in part, of the services of said attorneys under this contract, and while the same is in force."

The contract provides in paragraph 6: "The term of this contract is to be a period of two (2) years from the date of the approval and acceptance hereof by said Commissioner's Court for said county; provided however, that should any part of such undertaking on the part of said attorneys be started or commenced within said two year term, and not finished or completed within said time, said attorneys shall have a reasonable time in which to finish or complete the same so long as there may be a chance of securing or obtaining for said county, such State or other participation and/or assumption of any part of its said indebtedness; and it is further understood that this contract shall be exclusive during its life."

On February 8, 1937, the contract was amended as follows: "It is especially agreed and understood that this contract is to concern and include only such class of indebtedness as is now eligible for participation by the state under existing laws, and is not intended to include any indebtedness that may be made eligible by the passage of any new laws, and which would make other classes of indebtedness eligible for participation without the necessity of the service of said attorneys."

Section 5 of the original contract was amended as follows: "It being especially agreed and understood however, that the County shall not be required or liable to pay said attorneys on their fees as aforesaid in any one year, a sum greater than the total amount that may be paid during such year by the state or any agency thereof, on any such indebtedness that may be approved for participation by the state, and that if the amount paid by the State during the first year after such approval is not sufficient to pay all of said fees, the balance should be carried over and be paid during succeeding years until the amount actually paid by the State, or

so much thereof as may be necessary, shall equal the total amount of fees due said attorneys. It being understood that by the amount paid by the State is meant to include only amounts so paid by the State upon indebtedness approved by the State for participation through the services of said attorneys under this contract."

The appellants pleaded that there were $203,133.40 of outstanding bonded indebtedness of Cottle County at the time the contract was made between them and appellee eligible for participation in the County and Road District Fund. They assert that in pursuance to the provisions of the contract they engaged for a period of about two months in investigation of the records of Cottle County pertaining to such bonded indebtedness, assembled data and evidence showing the amount thereof and what amount was eligible for participation in the fund; that they made proper application to the Board of County and District Road Indebtedness, submitting some data to the Board indicating that $203,133.40 was entitled to participate in the fund; that the Board of, County and District Road Indebtedness would have approved said amount as eligible for participation, but the County without any legal reason therefor, attempted to abrogate the contract and refused to permit the auditor of the Board of County and District Road Indebtedness to examine the records and reports of Cottle County and thereby prevented the appellants from presenting the necessary data and evidence obtained by them to the Board and as the result thereof the County was deprived of having said amount of its indebtedness approved for participation in the fund and the appellants were deprived of the fee which they would have earned but for the unjustified repudiation and breach of their contract by appellee.

The appellants also aver that at the time the contract was made it was not possible to determine what amount of attorneys' fees, if any, would be due them for their services since the contract was contingent and the amount of such fees depended entirely upon the amount of the bonded indebtedness of Cottle County the Board of County and District Road Indebtedness determined to be eligible to participate in the fund; that at the time of the creation of the bonded indebtedness Cottle County provided, in accordance with the Constitution and law to discharge such indebtedness as it matured and the interest as it accrued; that appellee had paid on the principal and interest of such indebtedness outstanding as of January 1, 1933, approximately $25,000, which all parties contemplated would be refunded to the County and would have been ample to discharge any fees earned by appellants under the provisions of the contract; that there was due appellee from her tax payers approximately $250,000 in delinquent taxes and it was contemplated that there would be accumulated sufficient moneys in the general fund of the County to pay the attorneys' fees if and as they accrued under the contingency stated in the contract; that the parties also contemplated that about $25,-000 per annum, in addition to the above mentioned amounts would be collected and placed in the general fund of the County.

The appellee urged a general demurrer to plaintiffs' petition, which the court sustained. The appellants refused to amend and it was adjudged that Cottle County go hence without day and recover its cost, from which action the appellants prosecute this appeal and challenge, by proper assignments, the judgment of the court sustaining the general demurrer to their alleged cause of action.

The appellee contends that the action of the court in sustaining the general demurrer was warranted because the Commissioners' Court of Cottle County, a court of limited jurisdiction, was without authority to bind the County in such contract.

While it is true that the Commissioners' Court has only such authority as is granted to it by the Legislature, nevertheless, its powers are sufficiently broad to authorize it to contract for the services of an attorney to secure any rights the County may have under the law. The Legislature, by Article 6674q, Vernon's Ann.Civ.St., and correlated articles, provided for a "State Highway Fund" stipulated for the "Allocation of funds from gasoline tax"; provided that certain bonds, warrants and other evidences of indebtedness of counties and road districts should be eligible to participate as of January 1, 1933, in the distribution of the moneys coming into the County and Road District Highway Fund; created "The Board of County and District Road Indebtedness", which it authorized, from the data and information furnished by the county judges of the State, the Chairman of the

State Highway Commission, the State Comptroller of Public Accounts, and from such further investigation as the Board may deem necessary to ascertain and determine the amount of indebtedness eligible under the provisions of this Act to participate in the moneys coming into said County and Road District Highway Fund. This law required the Board to keep adequate minutes of its proceedings, and make itemized reports to each county with respect to receipt, disbursement and investments of the funds credited to such County and also stipulates: "The Commissioners Court of any county, and/or its accredited representatives, shall have the right to inspect the records of said Board of County and District Road Indebtedness, and of the State Treasurer, at any reasonable time for the purpose of making any investigation or audit of the accounts affecting its county." Vernon's Ann.Civ.St. art. 6674q —7(l).

In Galveston County v. Gresham, 220 S.W. 560, writ refused, the Court of Civil Appeals at Galveston held that the Commissioners of Galveston County had the authority under their broad power to engage the services of a lawyer to represent the county before a committee of Congress in procuring the consent of the Government of the United States to aid in constructing the sea wall around the City of Galveston.

In Hidalgo County Water Improvement Dist. No. 2 et al. v. Feick, Tex.Civ.App., 111 S.W.2d 742, writ dismissed, the court held that the water district had authority to employ a financial advisor to secure the approval of a loan for the water district from the Public Works Administration and the Reconstruction Finance Corporation of the Federal Government.

See also Cherokee County. et al. v. Odom, Tax Collector, 118 Tex. 288, 15 S. W.2d 538; West Audit Company v. Yoakum County, Tex.Com.App., 35 S.W.2d 404.

■ The appellee urges that the court was warranted in sustaining the general demurrer for the reason that the contract sued on by appellants showed on its face that it created or attempted to create a debt against Cottle County, Texas, and that the Commissioners' Court did not at the time the contract was made levy any tax to pay the interest on said debt and did not provide for a sinking fund to retire said debt at maturity, as required in Section 7, Article 11, of the Constitution of Texas, Vernon's Ann.St.

It will be observed that the Commissioners' Court did not by the contract obligate the County unconditionally to pay any sum of money for the services of appellant. If the benefits sought were not obtained no fee was due. The contract is wholly contingent and the amount to be earned thereunder depended exclusively on the net amount of the bonded indebtedness of the County that was assumed or approved for participation in the fund by the proper officers through the efforts of appellants; the contract concerned only such indebtedness as was eligible "for participation * * * under existing laws"; the County was not required to pay any fees in any one year in excess of the total sum that might be paid during that year by the State on such indebtedness. "It being understood that by the amount paid by the State is meant to include only amounts so paid by the State upon indebtedness approved by the State for participation through the services of said attorneys under this contract."

Associate Justice Sharp, in West Audit Company v. Yoakum County, Tex.Com. App., 35 S.W.2d 404, 406, says: "It appears from the record that it would have been impossible, at the time of the making of the contract, for the Commissioners' Court to provide for the levying and collecting a sufficient tax to pay the interest thereon, and provide a sinking fund, for the reason that they did not know, and had no way of estimating, the amount of the debt, or how much tax to levy or how much sinking fund to provide for."

In 17 C.J. 1377, the author says: "Every debt must be either solvendum in praesenti, or solvendum in futuro—must be certainly, and in all events, payable; whenever it is uncertain whether anything will ever be demandable by virtue of the contract, it can not be called a 'debt'. While the sum of money may be payable upon a contingency, yet in such cases it becomes a debt only when the contingency has happened, the term 'debt' being opposed to liability when used in the sense of an inchoate or contingent debt."

The Commissioners' Court of Cottle County at the time they made the contract with appellant, could not have complied with Section 7, Article 11 of the Constitution, for the reason that it was not certain that the County would ever owe the appel-

lants any fee under the contract or the amount of such fee if it ever accrued. It depended upon the nature and character of the indebtedness of the County; whether it was eligible to participate in the fund; the amount to be allowed to participate; and the success of appellants in securing such participation.

 The appellee insists that the allegations in appellants' petition relative to the different funds within the contemplation of the parties out of which such fees, if earned, could be paid are but conclusions of the pleader and are wholly insufficient to comply with the law.

In Whatley v. Cato Oil Co., Inc., et al., 115 S.W.2d 1205, 1208, this Court held: "There is some confusion in the decisions relative to conclusions which are subject to general exceptions, but the opinion of the Supreme Court in Garza et al. v. Kenedy et al., 299 S.W. 231, 233, contains the latest expression we have found thereon and the rule is said to be: 'In testing the sufficiency of a petition by a general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed "conclusions of the pleader", drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer.' This holding is followed in Hanson et al. v. Pratt, Tex.Civ.App., 51 S.W.2d 629; Arkansas Drilling Co. et al. v. Burma Oil & Gas Co. et al., Tex.Civ.App., 68 S.W.2d 336, and Fagan v. Wadel-Connally Hardware Co., Tex.Civ.App., 89 S.W.2d 1080."

See also Tackett v. Middleton, Tex.Com. App., 280 S.W. 563, 44 A.L.R. 1143.

 The appellee finally contends that the court correctly sustained the general demurrer to appellants' petition for the reason that it was not alleged therein that the indebtedness sued for was included in the budget of Cottle County, Texas, prepared and adopted for the current year prior to the making of such contract.

In our opinion, this contingent obligation could not have been budgeted since under the contract no obligation was certain; if a liability arose the amount was unknown, so. indefinite and uncertain that no estimate thereof could have been made. The budget is not to be made until July and approved in August prior to the levy of taxes, and this contract had been repudiated by the Commissioners' Court prior to either date. We do not think the failure to budget such item the preceding year would invalidate the contract.

 The appellants do not seek to recover on quantum meruit but if we are correct in the foregoing conclusions, they were entitled to sue and recover on the contract with appellee. White v. Burch, Tex.Civ.App., 19 S.W.2d 404, and Crye v. O'Neal & Allday et al., Tex.Civ.App., 135 S.W. 253.

 In testing the sufficiency of a petition against a general demurrer we are required to accept the fact allegations as true and a demurrer will be overruled if the intendment of the pleader can be inferred with reasonable certainty. In our opinion, the court erred in sustaining the appellee's general demurrer and the judgment is reversed and the cause remanded.