

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

April 12, 2000

The Honorable Sonya Letson
Potter County Attorney
500 South Fillmore, Room 303
Amarillo, Texas 79101

Opinion No. JC-0209

Re: Whether the Potter County Juvenile Board is authorized to contract with an attorney to represent the Board in an action brought against it by Potter County and related questions (RQ-0147-JC)

Dear Ms. Letson:

You ask whether the Potter County Juvenile Board (the "Juvenile Board" or "Board") is authorized to contract with an attorney to represent the Board in a mandamus action brought against it by Potter County through the Potter County Commissioners Court (the "Commissioners Court"). You also ask what funds may be used to pay the attorney's fees and whether the Commissioners Court has any authority over the funding source. We conclude that the Juvenile Board is authorized to contract with an attorney to represent it in litigation. We also conclude that the Juvenile Board may pay its attorney's fees with funds in the juvenile probation department account in the county treasury without the approval of the Commissioners Court.

Your request stems from a dispute between the Juvenile Board and the Commissioners Court regarding the Board members' compensation for fiscal year 1998-99. *See* Brief from Honorable Sonya Letson, Potter County Attorney, to Honorable John Cornyn, Texas Attorney General (Nov. 12, 1999) at 1 (on file with Opinion Committee) [hereinafter "Brief"]. Members of the Juvenile Board, judges of various courts in the county, receive additional compensation for their service on the Board under section 152.0053 of the Human Resources Code. *See* TEX. HUM. RES. CODE ANN. § 152.1941 (Vernon 1990). That statute provides that "[t]he commissioners court may compensate each juvenile board member for the member's duties performed on the juvenile board." *Id.* § 152.0053. In August 1998, the Juvenile Board adopted a 1998-99 budget that included $4,700 in annual compensation for each of the Board members. The Juvenile Board submitted the budget to the Commissioners Court in accordance with section 140.004 of the Local Government Code. In adopting the final budget for Potter County, the Commissioners Court voted to decrease the annual compensation for the Board members from $4,700 to $2,100, apparently in reliance on section 152.0053 of the Human Resources Code. *See* Brief, *supra*, at 1-2.

Thereafter, the chairman of the Juvenile Board sent a letter to the county treasurer and county auditor directing them to disburse funds according to the budget adopted by the Board, which they did. *See id.* at 2. During the months of negotiation that followed, both the Commissioners Court

and the Juvenile Board retained private counsel. *See id.* at 2-3. In March 1999, Potter County through the Potter County Commissioners Court filed an action for mandamus and declaratory relief against the Juvenile Board. The parties agreed to settle the litigation in May 1999. *See id.* at 3. The final order granting the parties' motion for non-suit provided that "Potter County's costs and attorney's fees shall be paid by Potter County and the Potter County Juvenile Board's costs of court and attorney's fees shall be paid by the Potter County Juvenile Board, but not by Potter County." *Potter County v. Potter County Juvenile Board*, No. 85929-C (251st Dist. Ct., Potter County, Tex. July 2, 1999) (modified agreed order granting parties' motion for non-suit) [hereinafter "Order"].

Apparently, further controversy arose in August 1999 when vouchers for payment of the Juvenile Board's counsel were submitted at a commissioners court meeting for approval. You inform us that "[d]isagreement between the two entities ensued concerning the appropriate mechanism and source for payment of the Juvenile Board's legal fees. The Juvenile Board maintained that its discretionary control over its funds permitted it to direct payment of its counsel out of funds held by the county treasurer for the Juvenile Board. Conversely, the Commissioners Court argued that all such funds were county funds, and the terms of the agreed dismissal order precluded those funds from being applied to payment of the Juvenile Board's attorney's fees." Brief, *supra*, at 4. The two entities finally agreed that the legal fees would be paid and that you would submit this query to the Attorney General. *See id.*

Before answering your specific questions, we generally review the legal nature of the Juvenile Board, its funding, and its relationship with the Commissioners Court. The Potter County Juvenile Board is established and governed by section 152.1941 of the Human Resources Code and, with certain exceptions, the general provisions in the Human Resources Code applicable to all juvenile boards. *See* TEX. HUM. RES. CODE ANN. § 152.1941 (Vernon 1990); *see also id.* § 152.1941(g) ("Sections 152.0002, 152.0003, 152.0004, 152.0005, 152.0006, 152.0007, and 152.0008(a) do not apply to the juvenile board of Potter County."). As a general rule, juvenile boards of this state are statutorily created entities comprised of members designated by statute and are entities with an existence separate and apart from their counties and commissioners courts. *See* Tex. Att'y Gen. Op. Nos. JC-0085 (1999) at 2; DM-460 (1997) at 4-5. Furthermore, in the absence of a statute to the contrary, a juvenile board may enter into contracts without commissioners court approval. *See* Tex. Att'y Gen. Op. No. DM-460 (1997) at 6. The statute establishing the Potter County Juvenile Board does not alter this relationship or provide the Commissioners Court with special authority to approve the Board's contracts. *See* TEX. HUM. RES. CODE ANN. § 152.1941 (Vernon 1990).

Juvenile boards are authorized to establish juvenile probation departments to provide juvenile probation services, *see id.* ch. 142 (Vernon 1990 & Supp. 2000), which are funded with both county and state funds, *id.* §§ 141.081, .084, 152.0012, .1941(c), (f) (Vernon 1990 & Supp. 2000); TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999). State funds are allocated by the Texas Juvenile Probation Commission. *See* TEX. HUM. RES. CODE ANN. ch. 141, subch. E (Vernon 1990 & Supp. 2000). State funding is dependent upon sufficient funding from the county. *See id.* §§ 141.082, .085 (Vernon Supp. 2000). Each county commissioners court in preparing the county budget is required

to determine the amount of county funds to be spent for the juvenile probation department in the county budget. *See* TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999). Although a juvenile board is required to submit the department's budget to the commissioners court, *see id.* § 140.004(c), the latter's authority over the budget is limited. A commissioners court has no authority to consider or review the portion of the department budget funded with state funds but may review the portion of the budget funded with county funds. *See* TEX. HUM. RES. CODE ANN. § 152.0012 (Vernon Supp. 2000). Thus, a commissioners court's role in the budgeting of the juvenile probation department is limited to setting the dollar amount of county funds in the department's budget and reviewing that portion of the budget. *See* Tex. Att'y Gen. Op. Nos. JC-0085 (1999) at 2; DM-460 (1997) at 2-4.

This office has twice concluded that this statutory framework does not permit a commissioners court to review expenditures from the funds of a juvenile probation department. *See* Tex. Att'y Gen. Op. Nos. JC-0085 (1999) at 2-3; DM-460 (1997) at 2-4. Furthermore, because a commissioners court has no supervisory authority over the juvenile board, this office has also concluded that the court has no approval authority with respect to juvenile board expenditures: "'[A] requirement that the commissioners court review and approve juvenile board or department expenditures is contrary to the board's budgetary and financial independence.'" Tex. Att'y Gen. Op. No. JC-0085 (1999) at 3 (citing Tex. Att'y Gen. Op. No. DM-460 (1997) at 10). The Potter County Commissioners Court has no special authority with respect to the Juvenile Board's expenditures, *see* TEX. HUM. RES. CODE ANN. § 152.1941 (Vernon 1990), and the conclusions of these opinions apply with equal force to the relationship between the Commissioners Court and the Juvenile Board.

With this background, we turn to your specific questions. First, you ask whether the Potter County Juvenile Board "possess[es] legal authority to directly contract with private counsel for representation of the juvenile board in a mandamus action brought against the board by Potter County through the Potter County Commissioners Court." Letter from Honorable Sonya Letson, Potter County Attorney, to Honorable John Cornyn, Texas Attorney General at 1 (Nov. 12, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that the Juvenile Board is authorized to retain private legal counsel to defend the Board in litigation filed against it by the Commissioners Court.

Courts of this state have repeatedly recognized the implied authority of political subdivisions to obtain legal counsel in the absence of constitutional and statutory limitations. *See, e.g., Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) ("a commissioners court also possesses broad implied powers to accomplish its legitimate directives. These powers include the authority to contract with experts when necessary, including attorneys.") (citations omitted); *McClintock & Robertson v. Cottle County*, 127 S.W.2d 319, 321-22 (Tex. Civ. App.–Amarillo 1939, writ dism'd judgmt cor.). Furthermore, courts and this office have long recognized that political subdivisions have common-law authority to employ counsel to provide legal representation for their officers and employees in the absence of statutory limitations. *See City of Corsicana v. Babb*, 290 S.W. 736, 737 (Tex. Comm'n App. 1927, holding approved); *City Nat'l Bank v. Presidio County*, 26 S.W. 775, 777 (Tex. Civ. App. 1894, no writ); Tex. Att'y Gen. Op. No. JC-0047 (1999) at 2-3 (citing attorney general opinions). The governing body of a political subdivision may employ counsel to defend its

officers and employees if it believes in good faith that interests of the entity are at stake, even if an officer or employee of the entity is sued individually. *See* Tex. Att'y Gen. Op. No. JC-0047 (1999) at 2-3. Here, the Juvenile Board retained counsel to represent the Board in a dispute with the Commissioners Court regarding control over the Board's funding and in subsequent litigation filed by the Commissioners Court against the Board in its *official* capacity. Given that the Juvenile Board is a separate entity with the authority to contract independent of the Commissioners Court and no statute precludes it from retaining private counsel, we conclude that the Juvenile Board possesses the implied authority to contract with private counsel to represent the Board in litigation filed against it by the Commissioners Court.

We answer your remaining questions together. You ask "what is the appropriate source of funds for payment of the juvenile board's counsel" and "[w]hat control, if any, does the commissioners court possess over that funding source." Request Letter, *supra*, at 1. We conclude that the Juvenile Board has the authority to pay for its legal expenses from available juvenile probation department funds without the approval of the Commissioners Court.

Again, each juvenile probation department in the state is funded with both state and county funds. The commissioners court determines the amount of county funds that will be budgeted to the juvenile probation department in each budget year. *See* TEX. LOC. GOV'T CODE ANN. § 111.094 (Vernon 1999). The juvenile board prepares a budget for the juvenile probation department. *See id.* § 140.004(b)(2). The commissioners court may review only those portions of the juvenile board's budget funded with county funds. *See* TEX. HUM. RES. CODE ANN. § 152.0012 (Vernon Supp. 2000). After the juvenile probation department budget is finalized, a juvenile board must expend funds according to the budget. Any budget amendments must be considered and approved in a public meeting. *See* Tex. Att'y Gen. Op. No. JC-0085 (1999) at 3-4.

A commissioners court's control over a juvenile probation department's expenditures is confined to this limited budget review before the commencement of the fiscal year. A juvenile board or juvenile probation department is a "specialized local entity" under section 140.003 of the Local Government Code. Pursuant to section 140.003, once the county funds budgeted for the juvenile probation department are transferred to the department, they are deposited in a special account in the county treasury, along with state funds allocated to the department. At this point, the funds become funds of the juvenile probation department to be disbursed as directed by the juvenile board and lose their character as county funds. *See* TEX. LOC. GOV'T CODE ANN. § 140.003(f) (Vernon 1999) ("Each specialized local entity shall deposit in the county treasury of the county in which the entity has jurisdiction the funds the entity receives. The county shall hold, deposit, disburse, invest, and otherwise care for the funds on behalf of the specialized entity as the entity directs."). Although disbursements from the account are subject to review and the approval of the county auditor, *see* TEX. LOC. GOV'T CODE ANN. § 140.003(g) (Vernon 1999); Tex. Att'y Gen. Op. No. DM-257 (1993) (concluding that section 140.003(f) of the Local Government Code incorporates requirements of county auditor budgetary oversight and countersignature), the commissioners court lacks authority to review juvenile probation department expenditures, *see* Tex. Att'y Gen. Op. Nos. JC-0085 (1999) at 3; DM-460 (1997) at 8.

You point out that the final settlement order in the litigation between the Potter County Commissioners Court and the Juvenile Board provides that the Juvenile Board's attorney's fees shall be paid by the Potter County Juvenile Board, but not by Potter County. *See* Order, *supra,* at 1. As we have explained, funds on deposit in the juvenile probation department's account in the county treasury are not county funds. The Juvenile Board may pay its legal fees from available funds in this account. Furthermore, it may do so without the approval of the Commissioners Court. If an amendment to the juvenile probation department budget is required in order for the Juvenile Board to disburse funds to pay its attorney's fees, the Juvenile Board must amend the budget as provided in section 140.004 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. JC-0085 (1999) at 3-4.

## S U M M A R Y

The Potter County Juvenile Board is authorized to contract with an attorney to represent it in litigation. The Juvenile Board may pay its attorney's fees with funds in the juvenile probation department account in the county treasury without the approval of the Potter County Commissioners Court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee